### The State v. The Independent School District of Dallas Centre.

1. Corporation: WHEN UNAUTHORIZED: PRACTICE. An action to test the right of certain persons claiming to be a corporation to act as such, must be brought against the individuals themselves and not against the alleged corporation. When a corporation is brought into court by its corporate name, its existence is admitted.

*Appeal from Dallas Circuit Court.*

WEDNESDAY, OCTOBER 4.

THE plaintiff avers in its petition that the defendant is acting and exercising powers as a corporation, to-wit: as an independent school district, without being authorized by law so to do. Trial without a jury. Judgment for defendant. Plaintiff appeals.

*Willard, Callvert & Macy* and *Barcroft, Given & Drabelle,* for appellant.

*Nourse & Kauffman* and *Perkins & Barr,* for appellee.

ADAMS, J.—Section 3345 of the Code is as follows: "A civil action by ordinary proceedings may be brought in the name of the State as plaintiff, in the following cases:

"1. Against any person unlawfully holding or exercising any public office or franchise within this State, or any office in any corporation created by this State.

"2. Or against any public officer who has done or suffered any act which works a forfeiture of his office.

"3. Or against any person acting as a corporation within this State without being authorized by law."

The object of this action is to test the right of the electors of a certain territory to exercise the corporate powers of an independent school district. The authority to maintain this action must be found, if anywhere, in the 3d subdivision of said section. Yet the action is not brought against the persons acting as a corporation, but against the corporation itself. We think it cannot be maintained. If there is really no such corporation it is impossible to bring it into court. Besides, it is the right of the individuals to be brought in who are accused of acting as a corporation without authority of law.

On this point the authorities are to our mind quite conclusive.

In *Mud Creek Draining Co. v. The State et al.*, 43 Ind., 236, the court said: "An information against a corporation in its corporate name, charging that it has not been legally organized and pointing out certain supposed defects in its organization, and praying for a dissolution of its franchises, is bad for not being against certain persons claiming to be a corporation. It cannot be brought into court to answer an allegation that it is not and never was a corporation. When a corporation is brought into court by its corporate name, its existence as such is admitted."

In *People v. The R. & S. R. R. Co.*, 15 Wend., 128, the court said: "If the information in this case had for its object to oust the defendants from acting as a corporation, and to test the fact of their incorporation, it should have been filed against individuals."

To the same effect is *The King v. The City of London*, cited in 2 T. R., 522.

It is claimed by the appellant, that it is impracticable to bring the action against all the persons acting as such corporation. But, strictly speaking, it is not impracticable. It is merely inconvenient.

AFFIRMED.