ADDISON HARVEY v. RUSSELL R. PEALER, CIRCUIT
JUDGE.

*Dissolution of attachment—Appeal.*

1. How. Stat. § 8030, does not authorize an appeal from the order of a circuit judge made on the hearing of an application to dissolve an attachment, but is confined to circuit court commissioners.

2. The circuit judge before whom such proceedings were had was not disqualified to pass upon the motion to dismiss the appeal taken from his order.

Mandamus. Submitted October 19, 1886. Denied November 11, 1886.

Application to compel circuit judge to vacate order dismissing an appeal in proceedings had before him to dissolve an attachment. The facts are stated in the opinion.

*H. P. Stewart, G. P. Doan,* and *Howard & Roos,* for relator.

*Dallas Boudeman,* for respondent.

CHAMPLIN, J. Relator asks for a *mandamus* to compel the circuit judge of St. Joseph county to vacate an order dismissing an appeal in proceedings to dissolve an attachment.

By an act of the Legislature passed in 1851 provision was made that a defendant whose property had been attached might apply to a circuit judge or to a circuit court commissioner for a dissolution. This act did not provide for an appeal from the decision of those officers, nor for a trial by jury.

The act so remained until 1881, when a new section was added, which reads as follows:

"Either party conceiving himself aggrieved by the determination, order, or judgment of any circuit court commissioner under the provisions of this act, may appeal therefrom to the circuit court for the same county, and a return may be compelled, and the same proceedings shall be thereupon had, as near as may be, and with the like effect, as in cases of appeal from judgments rendered before justices of the peace, and costs shall be awarded and collected in the circuit court in the same manner; and, on perfecting the said appeal, said attachment proceedings, and the levy thereunder, shall be held in the same condition, and of the same force and validity, as when said proceedings for a dissolution of said attachment were commenced, and the officer executing said attachment shall continue to have the same rights and duties under

said attachment, as regards the property attached, as if said proceedings had never been commenced; and any order or judgment made by such commissioner dissolving said attachment shall have no force or effect to release the attached property from the attachment levy until the same shall be affirmed by the circuit court, if appealed from, and no such order shall be issued, in any case, by any commissioner, until the expiration of five days after the making of the same; and the said circuit court shall also have full power and jurisdiction over said cause and proceedings to hear and determine the same, and render judgment therein, as if the said proceedings had been originally commenced before the said circuit judge thereof. And either party to said proceedings in said appeal shall, if he so elect, be entitled to have the issue in said proceedings tried by a jury as in ordinary suits in said court." How. Stat. § 8030.

These proceedings upon the dissolution of attachments are purely statutory.[1] The methods the statutes point out must be pursued; and, where there is no ambiguity in the language employed, it cannot be extended by construction to embrace objects or purposes not within the fair scope and meaning of its terms.

The right of appeal is in all cases a statutory right. If not given by statute, it does not exist. It did not exist in any case in proceedings for dissolution of attachments until given by the act of 1881.

The law authorized the proceedings to be instituted before either of two tribunals, but allowed no appeal from the determination of either until 1881, when it authorized, in express terms, an appeal from proceedings had before a circuit court commissioner; but it does not in 'nde within its terms proceedings instituted before the circuit judge. It is apparent that the omission to allow appeals from the circuit judge was intentional, and that appeals should only be allowed from the determination of circuit court commissioners. The commissioner must make return to the appeal; and it may be compelled, as near as may be, and with the like effect, as

See *Calvert, etc., Co. v. Drs. K. & K., etc., Ass'n*, 61 Mich. 336.

in cases of appeal from justices of the peace. The circuit court has jurisdiction to compel returns by justices of the peace; but how would a circuit court compel a return from a circuit judge?

Again, the circuit court is given full power to hear, determine, and render judgment therein as if the said proceedings had been originally commenced before the circuit judge thereof. Such language can only refer to appeals taken from the decisions of circuit court commissioners. We think the statute is clear, and that no appeal lies from the determination of the circuit judge to the circuit court.

There is no force in the objection made that the circuit judge was disqualified to pass upon the motion for dismissal.

The other Justices concurred.