J. E. BROOKER et al., Appellees, v. CARRIE E. LUDLOW et al., Appellants.

SCHOOLS AND SCHOOL DISTRICTS: Consolidated Districts— Enlarging Proposed District. The county board of education, on appeal to it *in re* petition for a consolidated school district, has no jurisdiction to order the *inclusion* of territory not already embraced within the boundaries as set forth in the petition. (Sec. 2794-a, Code Supp., 1913, as amended by Ch. 149, Acts 38 G. A.)

*Appeal from Madison District Court.*—LORIN N. HAYS, Judge.

OCTOBER 2, 1920.

ON October 21, 1919, plaintiffs filed in the district court a petition for certiorari, against defendants, asking that the proceedings of the county board of education, in sustaining the objections to the boundaries of the proposed consolidated independent school district of Jefferson, be annulled and set aside. Trial was had, under stipulation that it be tried under Section 4160 of the Code. The trial court found that the plaintiffs were entitled to the writ as prayed, and that the proceedings of the board of education in sus-

taining the objection to the establishment of the independent school district, as established by the county superintendent, be set aside and annulled, and taxed the costs to the defendants. The defendants appeal.—*Affirmed.*

*J. E. Tidrick* and *Phil R. Wilkinson,* for appellants.

*W. S. Cooper* and *J. P. Steele,* for appellees.

PRESTON, J.—The issues and statement of facts, as stated by appellants, and conceded by appellees to be correct, follow:

## THE ISSUES.

"1.   Whether or not the county board of education of Madison County, Iowa, had jurisdiction to hear and determine an appeal taken from the ruling of the county superintendent in fixing and determining the boundaries of a proposed consolidated independent school district.

"2.   Whether or not the said county board of education had jurisdiction, on an appeal taken by objectors from the ruling of the county superintendent on objections to the boundaries of the said proposed consolidated independent school district, to change said boundaries of said proposed consolidated independent school district so as to exclude territory within the said proposed boundaries, and include territory lying outside said proposed boundaries.

"3.   Whether or not the said county board of education in its ruling on said objections was acting legally."

## THE FACTS.

"Jefferson Township, one of the political townships of Madison County, Iowa, together with Sections 6, 5, and a small portion of Section 4 in Union Township, constitutes the school township of Jefferson.   The said school township of Jefferson is divided into nine subdistricts.   Subdistricts 1, 2, and 3 extend from east to west across the north side of said school township.   Subdistricts 4, 5, and 6 extend from

west to east through the center of said school township, and Subdistricts 7, 8, and 9 extend from east to west along the south side of said school township. The southern boundary of Subdistrict No. 9 extends south, so that it embraces Sections 6, 5, and a portion of 4, of said Union Township.

"On September 15, A. D. 1919, a petition directed to the county superintendent of schools of Madison County was filed with said superintendent, asking the establishment of a consolidated independent school district, to be called the Consolidated Independent School District of Jefferson Township, in the county of Madison, and state of Iowa, containing certain territory therein described, and said territory embracing the said subdistricts Nos. 2, 4, 5, 6, 7, and 8 of said school township of Jefferson. Notice of limiting time to file objections was duly published. Thereafter, certain residents and property owners filed with the said county superintendent objections to the boundaries of the said proposed consolidated independent school district, and in said objections asked the said county superintendent to change said boundaries so as to include Subdistrict No. 9, and exclude Subdistrict No. 2. That said objections were overruled by the said county superintendent, and two objectors took an appeal to the county board of education. The board of education, on appeal, made a ruling, and entered the same of record, that the objections so filed with the county superintendent should be sustained. That the said Subdistrict No. 2 should be cut out of said consolidated independent school district, and said Subdistrict No. 9 should be included."

The objections filed are as follows:

"Such proposed consolidated district separates the common school district of Jefferson Township into three separate parts.

"2. The same amount of land can be secured in a more compact form, reducing the distance from the center of such district, and leave the remaining territory in better form for school purposes.

"Therefore we ask:

"First.  That Subdistrict No. 9 of the school district of Jefferson Township be included within the boundaries of the proposed consolidated school district.

"Second.  That Subdistrict No. 2 of the school district of Jefferson Township be excluded from within the boundaries of the proposed consolidated school district."

A plat has been certified, and we may say, in passing, that there is nothing else in this record but the plat which bears at all upon either of the objections, or which shows that the objectors, or any of them, would be injuriously affected, or that the two persons who appealed to the board of education were aggrieved by the decision of the county superintendent.  There is no evidence to show that the boundaries of the district which the board attempted to fix, were better for the district or adjoining districts, or that the board fixed other boundaries than those described in the petition because of meandering streams, irregular boundaries of existing school corporations, or the location of highways, and so on.  There is no evidence as to the residences of the pupils who will attend the school, or the center of school population, or that the district, as the board attempted to fix it, would be accessible to or accommodate more pupils than the one petitioned for.

As to the first objection, the plat shows, as we understand it, that the common school district of the township would be divided into three separate parts, by the boundaries attempted to be fixed by the board.  As to the second objection, the plat shows that the amount of land taken in by including Subdistrict No. 9 is about the same as or a little more than that contained in Subdistrict No. 2, which was excluded.  The distance from the southwest corner of No. 9 to the center of the district is about the same as from the extreme north end of Subdistrict No. 2.  There is a highway from the north end of Subdistrict No. 2, to and past the center of the district, and there is a highway from near the southwest corner of No. 9, running diagonally to the center of the district, and these are of about the same length.  There is no evidence, other than the plat, that, by

including No. 9 and excluding No. 2, it would leave the remaining territory in better form for school purposes. It appears that the petition to the county superintendent was signed by 46 persons, which is shown to be more than one third of the qualified voters residing within the territory in the proposed consolidated district. Plaintiffs, or some of them, were signers of said petition. Subdistrict No. 1 was not included in the petition, because of its proximity to a town; Subdistrict No. 3 was not included, because of its proximity to another town; petitioners did not include Subdistrict No. 9, which embraced the southwestern corner of Jefferson Township, and Sections 5, 6, and a portion of 4, in Union. After the petition was filed with the county superintendent, notice was duly published. The two objectors who appealed from the county superintendent to the board of education did not reside within said Districts 2 or 9, nor did they own property therein. None of the objectors to the proposed boundaries, who seek to bring in Subdistrict No. 9, live in that subdistrict, but they are persons in the proposed consolidated district who, appellees contend, are opposed to the consolidation, and are seeking to bring in No. 9 for the purpose of defeating the consolidation; but they concede that that fact has no bearing on the legal proposition involved.

The errors relied upon are that the court erred in granting the writ and annulling the proceedings, and that:

"As a matter of law, the county board of education had full and complete power and jurisdiction to sustain the objections to the establishment of the consolidated independent school district in Jefferson Township, Madison County, Iowa, which were brought before them on appeal from the ruling of the county superintendent of Madison County, Iowa, on said objections. The court erred in not returning this case to the county board of education for further consideration; the court erred in passing upon questions not raised by the issues in this case; the court erred in permitting the plaintiffs to take an appeal in this cause by means of a writ of certiorari, losing sight of the fact that

the only question involved was whether or not the county board of education had jurisdiction to sustain the objections brought before them on appeal from the ruling of the county superintendent."

The question presented is the consideration of some of the provisions of Chapter 149, Acts of the Thirty-eighth General Assembly, and specifically, as appellees state it, whether or not the board of education may add to a consolidated independent district, in process of organization, territory which is not included within the boundaries set out in the original petition, and the notice limiting the time for filing objections to the proposed boundaries which the statute requires to be published. We shall refer to such portions of the act above cited as seem to bear upon the question before us. It is provided:

"When a petition describing the boundaries of contiguous territory containing not less than sixteen sections, within one or more counties, asking for the establishment of a consolidated independent school district and signed by one third of the qualified voters residing therein, is filed with the county superintendent * * * he shall within ten days give public notice of the place and date when all objections shall be filed. Such petition shall be accompanied by an affidavit showing the number of qualified voters in the proposed consolidated district. * * * Such affidavit shall be made by some qualified voter residing in the proposed district."

This provision was complied with.

"All notices under this act shall be by one publication in a newspaper published within the proposed district, or if there be none, then in a newspaper having general circulation within the proposed consolidated district."

The notice limiting the time for filing objections to the formation of the district was so published.

"Objections may be made by any person residing upon or owning land within such proposed boundaries or who would be injuriously affected by the formation of the proposed district and shall be on file not later than twelve

o'clock noon of the day fixed for receiving objections."

Objections were so filed. In regard to the duty of the county superintendent after objections are filed, the statute provides:

"Within five days after such filings the county superintendent shall review all papers filed in his office and after careful review and investigation of their merits shall over-rule or sustain the objections filed and fix and determine the boundary lines of the proposed consolidated district. In determining these boundaries he shall so locate the boundary lines as will in his judgment form the best possible consolidated district, having due regard also to the welfare of adjoining districts."

The statute provides for an appeal from the county superintendent to the county board of education, and such provision as to the duty of the board of education is as follows:

"Any person having filed objections and being aggrieved by the ruling of the county superintendent may appeal from his decision to the county board of education within ten days after the decision is rendered, by serving written notice on the said county superintendent. Within five days after said notice has been received, the county superintendent shall file with the county board of education all of the original papers together with his decision and fix the time and place where such appeal will be heard and shall give notice to appellants by registered letter as heretofore provided. The time fixed for such hearing shall be not less than ten nor more than fifteen days from the date his decision is rendered. The county board of education shall determine such appeal within five days after the submission thereof which decision shall be final as to said boundaries. If no objections be filed or if the objections be not sustained, it shall be the duty of the county superintendent with whom said petition has been filed to call an election in the proposed consolidated district, legal notice of which shall be given as hereinbefore provided. At the election all qualified voters residing in the proposed con-

solidated district shall be entitled to vote by ballot for or
against the establishment thereof.  *  *  *  In the forma-
tion of such consolidated school corporation the boundary
lines shall conform to those of school corporations or sub-
districts already established, provided however that the
county board of education on hearing, may fix other bound-
aries than herein prescribed, when because of meandering
streams, irregular boundaries of existing subdistricts or
school corporations or the location of highways, the welfare
of the consolidated district and adjoining districts may be
better served."

The county superintendent testified that she was pro-
ceeding to the organization of the district, with the bound-
aries fixed as determined by the board of education, and
that she had called an election.   Both parties concede that
the authority of the county superintendent and that of the
county board of education are the same, so far as changing
boundary lines of the proposed district is concerned; but
appellees contend that neither one has power to enlarge
the boundaries of the district so as to take in territory not
included within the petition and notice, at least without
giving persons residing upon such outside territory the same
opportunity to make objection which those residing within
the territory originally proposed to be included, are given,
as provided by the statute.   Appellants state, in argument,
that the only question in the case is whether or not the
county board of education acted illegally, or exceeded its
jurisdiction, when it sustained the objections brought be-
fore them on appeal.   The argument is that the action of
the board of education was legal, and within the authority
of the board, because, as they say, under the provisions of
the statute before set out, the board has plenary power to
fix and determine the boundary lines of the proposed dis-
trict by omitting a part of the proposed district described
in the petition, or by including additional and outside ter-
ritory not described in the petition.   This claim is made be-
cause of the language which says that the superintendent
shall fix and determine the boundary lines, and that, in de-

termining the same, he shall so locate the boundary lines that they will, in his judgment, form the best possible consolidated district, having due regard for the welfare of the adjoining districts; and because the statute provides, on appeal, in the formation of the consolidated·corporation, that the boundary lines shall conform to those of school corporations or subdistricts already established, provided that the board may fix other boundaries than those prescribed, when, because of meandering streams, irregular boundaries of existing subdistricts or school corporations, or the location of highways, the welfare of the consolidated district and adjoining districts may be better served. It is possible that, for sufficient reasons, and upon a proper showing, Subdistrict No. 2 could have been excluded, since it was included in the petition, and the notice given would include the residents of No. 2. No notice was given to the people in No. 9. The power to exclude is claimed by appellants under the provision of the statute that the board may fix other boundaries when, because of meandering streams, and so on, the consolidated districts and adjoining districts may be better served. But there was no objection to including No. 2, and no request to exclude it, as a separate proposition. The exclusion ·of 2 and the inclusion of 9 were coupled up as one proposition; and, in excluding 2 and taking in 9, the board balanced one against the other. This being so, we are not called upon to determine whether the superintendent or the board had power to exclude No. 2, a part of the proposed district originally petitioned for.

There is no power,—at least, no express power, and we think none is implied,—under the statute, authorizing the superintendent or the board to enlarge the boundary lines by taking in territory not included in the petition, when the residents are not notified, and when they have no opportunity to make objections, or to be heard. We think the provisions of the statute requiring the boundaries of the proposed district to be described in the petition and published notice, and requiring one third of the qualified voters to sign the petition, are jurisdictional. Until these pro-

visions are complied with, the county superintendent could not take jurisdiction of the matter, and until the notice was published, could not fix the boundaries. Only those persons residing within the territory described in the petition, and notice are advised of the proceedings. This being so, neither the superintendent nor the board could go outside of the proposed districts, and include a large amount of other territory. If this be not so, there is nothing to prevent one third of the voters residing upon a tract of land from petitioning the county superintendent for the organization of a consolidated district, publishing the notice describing the 16 sections, and then enlarging the tract, on the hearing, to include the entire 36 sections of the township, or even territory in adjoining townships. If such right is conferred upon the superintendent or the board, the result would be that less than one third of the legal voters within a district might cause these proceedings to be instituted, for the very purpose of having the superintendent or board bring in territory where the legal voters would not ask for or consent to their being brought into the district, and that, too, without being notified. The statute gives the right to file objections, but does not confer the right to amend the proceeding so as to bring in additional territory. We think it is more reasonable to believe that the legislature intended to give the superintendent and the board authority to change the boundary within the proposed district described in the petition and notice, for the purpose of enabling these officers to make a somewhat different adjustment within the proposed territory, when, because of meandering streams, or the location of highways and so on, the consolidated district and adjoining districts might be better served, rather than to think that they had authority to reach out and include territory not contemplated by the original proceeding. These provisions limit the power of the board in changing the territory described in the petition presented to the superintendent. There is nothing in the record to show that the people in Subdistrict No. 9 were asking to come in, or

that they were desirous of coming in. Again, the statute provides:

"If no objections be filed or if the objections be not sustained, it shall be the duty of the county superintendent * * * to call an election in the proposed consolidated district, legal notice of which shall be given as hereinbefore provided. At the election all qualified voters residing in the proposed consolidated district shall be entitled to vote by ballot for or against the establishment thereof."

This is the only provision of the law authorizing the completion and establishment of such a district, and this provision is limited to cases where no objections are filed, or cases where objections are filed, but not sustained. In the instant case, there were objections filed, and they were sustained by the board of education. Not only were objections to the district as established by the superintendent filed, but the application was, in effect, amended, by way of objection, so as to bring in an entire district not within the boundary of the proposed district. If this right existed, and the board had authority to sustain the objections, and add additional territory, then there would seem to be no authority for submitting the proposition to the voters.

We reach the conclusion, and hold, that the county superintendent has the right to establish the boundaries for consolidated school districts within the lines set out in the petition, and, if no objections are filed, they become the absolute boundaries, and the superintendent may proceed to submit the matter to the voters for their ratification. If objections are filed, he may overrule or sustain them, as the board of education may do on appeal, but neither may go outside and take in additional territory, or establish a consolidated district out of territory not embraced within the petition. We see no reason in the record for remanding the case to the board of education, even though it could be done in this certiorari proceeding. We are of opinion that the trial court rightly decided the case, and its judgment is —*Affirmed.*

EVANS and SALINGER, JJ., concur.

WEAVER, C. J.—I concur in the result reached in this foregoing opinion, but think the argument made use of unduly limits the authority of the county superintendent and board of education to settle and fix the district boundaries of school districts.