JOHN THIE et al., Appellants, v. VAIL CORDELL, County Superintendent, Appellee.

**SCHOOLS AND SCHOOL DISTRICTS:** Consolidated Districts—Non-disqualification of County Superintendent. A county superintendent is not disqualified, on appeal to the county board of education from his decision dismissing a petition for the dissolution of a consolidated school district, from voting, as a member of said board, to sustain his own decision; it not appearing that he lived in or owned land within the district.

Headnote 1:   35 Cyc. p. 858 (Anno.)

*Appeal from Des Moines District Court.*—OSCAR HALE, Judge.

MARCH 10, 1925.

ACTION in mandamus, to compel the county superintendent to call an election in a consolidated independent school district upon the question of the proposed dissolution of the district. A demurrer to the petition was sustained, and the petition dismissed. The plaintiffs appeal.—*Affirmed.*

*Seerley & Clark* and *Clark & Byers,* for appellants.

*La Monte Cowles* and *W. E. Jackson,* for appellee.

VERMILION, J.—The petition alleged that the plaintiffs, appellants, and others presented to the defendant and appellee, the county superintendent of schools of Des Moines County, a petition requesting the dissolution of the Consolidated Independent School District of Mediapolis; that the appellee dismissed such petition; and that the petitioners duly appealed from that decision to the county board of education of the county; that the county board of education consisted of seven members, including the appellee county superintendent, who was *ex officio* a member of such board; that one member of the board, being a resident in the district in question, was disqualified from acting upon the appeal; that three members of the board, upon a consideration of the question whether the action of the county superintendent in dismissing the petition should be affirmed, voted against the proposition, and two members voted in favor of it; and that the appellee illegally assumed the right to vote upon the question, and voted in favor of sustaining his prior decision, so that the vote stood three for and three against affirming the decision of the county superintendent. It was further alleged that by the action of the board of education the petition for the dissolution of the district was approved: (1) because the appellee was the presiding officer of the board, and entitled to vote only in the event of a tie vote, and the vote was not a tie; and (2) because he had no right to vote upon the question of sustaining his own decision. A writ of mandamus was prayed, compelling appellee to call an election of the electors of the consolidated

district for the purpose of voting upon the question of the dissolution of the district, as requested in the petition presented to appellee. A demurrer to the petition herein was sustained by the lower court, and the petition was dismissed.

The only question presented on this appeal is as to the right of the appellee to vote, as a member of the county board of education, upon the consideration by the board of the appeal from his own decision.

We may say, by way of preface, that we do not have to do merely with a question of ethics, or the propriety of the action of the county superintendent in voting, as a member of the board of education, to sustain on appeal his own decision, but with the legality of the action of the board, when his act in so doing controlled and determined what that action should be.

It appears to be conceded that, if the vote of the members of the board of education legally entitled to vote upon the proposition was a tie, this would result in sustaining the action of the county superintendent; and that, if the county superintendent was entitled to vote, the demurrer was properly sustained.

Section 2 of Chapter 56 of the Acts of the Thirty-eighth General Assembly amended Section 1072 of Code Supplement of 1913 by providing for the election, by the convention provided for in the original act, of "six persons outside the membership of such convention, who with the county superintendent, *ex officio,* shall constitute the county board of education." The statute provides that a majority of the board shall constitute a quorum for the transaction of business, and that the members of the board, except the county superintendent, shall serve without pay, but shall be allowed their actual expenses in performing their duties, not to exceed $40 each annually. It is provided that certain stated meetings of the board shall be held, and other meetings on call of the county superintendent, or on written request of any three members, filed with the county superintendent. It is further provided that:

"Said board shall perform all duties prescribed by law for the county board of education, and upon all matters referred to them by him shall act as an advisory board to the county superintendent, and shall co-operate with him in formulating plans

and regulations for the advancement and welfare of the schools under his supervision.''

These statutory provisions are now to be found in Chapter 207 of the Code of 1924.

It is to be observed that, while the county superintendent is now, by Section 4121, Code of 1924, made chairman of the board, that provision is not found in the statute as originally enacted. He was merely, by virtue of his office, made a member of the board.

The statute under which the proceeding in question was brought, Chapter 175 of the Acts of the Thirty-ninth General Assembly, provides in Section 30, that a school corporation organized for the purpose of maintaining a central school may be dissolved by filing a petition therefor, as provided by the act, with the county superintendent. By Section 32, the county superintendent is required to fix a time for filing objections to the petition, and give notice thereof; and by Section 33, is required to review the matter on its merits, and within five days rule on the objections and enter an order of approval, or dismiss the petition. By Section 34, any petitioner or objector, or any person living or owning land within the school corporation ''may ask for a hearing before the county board of education by serving written notice on the county superintendent,'' who ''shall file with the county board of education all the original papers together with his decision'' and fix a time and place for a hearing. Section 35 provides that, where the territory of the district is wholly in one county, the county board of such county shall hear the objections, and within five days ''approve or dismiss the petition, as in its judgment will be for the best interests of all concerned, which shall be final.'' Section 37 provides that:

''No member of a county board of education who lives or owns land within the territory described in the petition for dissolution shall take any part in hearing the objections for dissolution.''

The hearing so provided for before the board of education is not termed an appeal; although it is that, in effect. The subject is now covered by Section 4188, Code of 1924, where an appeal is in terms provided for.

The legislature, in providing for the review of the county

superintendent's order by the board of education of which he was a member, provided for the disqualification of any member who, by reason of living or owning land in the district, had a direct and personal interest in the controversy. Is the county superintendent disqualified by reason of having once decided the question that is before the board? No such disqualification is found in the statute; on the contrary, the express provision is for a hearing before the board of which he is *ex officio* a member. Considering the general provision that the board shall act as the advisory board to the county superintendent on all matters that he may on his own motion refer to them, and co-operate with him for the advancement and welfare of the schools, and the further provision that the board shall approve or dismiss the petition, as in its judgment would be for the best interest of all concerned, —clearly a hearing *de novo* on the merits,—we think it apparent that the legislature had in mind a review by a board of which the county superintendent was a member, with no disqualification on his part to participate in the decision. The situation is not one where the claimed disqualification may or may not exist, according to circumstances. That situation the act provides for in disqualifying a member who may be directly interested. But on any appeal to the county board of education from an order or decision by the county superintendent, the fact that it is now claimed disqualifies him, must always exist. In this perfectly obvious situation, the legislature has seen fit to provide, not for his disqualification by reason of his having rendered the decision appealed from, but only for the disqualification of a member of the board who lives or owns property in the district; and must be deemed to have intended that the county superintendent should participate, as a member of the board, in the review of his own decisions on appeal, and to have contemplated the possibility that his might be the deciding vote.

In the absence of a statutory disqualification, and especially in view of the perfectly plain situation presented by the provision that the appeal from his action should be heard by a board of which he was a member, the circumstances are not such as to require us to say that, nevertheless, he was disqualified from participating in the decision on appeal.

The facts are wholly unlike those presented in *Stahl v.*

*Board of Supervisors,* 187 Iowa 1342, and other like cases, where it is held that a personal pecuniary interest in the matter pending before an official exercising judicial or quasi judicial functions will disqualify him from participating in the decision. It was held in the *Stahl* case that a member of the board of supervisors who was directly and financially interested in a proposed drainage project was disqualified from voting for the establishment of the district, and that the district was not legally established where his was the deciding vote in favor of it.

There is no question here of any pecuniary interest on the part of the county superintendent. The statute expressly disqualifies a member of the board of education who finds himself so situated that his private interests may conflict with public duty, but puts no restriction upon that member of the board whose prior official action in another capacity the board is expressly required to review.

The situation is not entirely anomalous in our statutory law. The same provisions are found in the sections of the statute relating to the organization of consolidated districts. The industrial commissioner may be a member of a board of arbitration to fix the compensation to be awarded for the injury or death of an employee under the Workmen's Compensation Act, and, on petition of either party, may himself review the finding of the board of which he was a member, and modify or reverse it. Sections 1437 and 1447, Code of 1924.

The judicial character of the functions exercised by the county superintendent and the county board of education being conceded, there is not only no statute, but there is no rule of the common law, that disqualifies him from reviewing as a member of the board, his acts as superintendent.

"Where there is no provision of law to the contrary, a judge who has presided at a trial or a hearing is not thereby disqualified to review his judgment or order rendered therein; and this is so whether such review is sought by appeal to a court of which he has become a judge, by suit to vacate it, or by a different character of action involving substantially the same facts and issues, brought in another court of which he has been selected judge. However, this practice has been condemned; and, although the judge may not be legally disqualified, he

should be excused from so participating, if it can be legally permitted so to excuse him." 33 Corpus Juris 1010.

See, also, *Galveston & H. Inv. Co. v. Grymes,* 94 Tex. 609 (63 S. W. 860, 64 S. W. 778); *Freeman v. McElroy* (Tex. Civ. App.), 149 S. W. 428; *Beckham v. Rice,* 1 Tex. Civ. App. 281 (21 S. W. 389); *Waters-Pierce Oil Co. v. Cook,* 6 Tex. Civ. App. 573 (26 S. W. 96); *Chicago, B. & Q. R. Co. v. Kellogg,* 54 Neb. 138 (74 N. W. 403); *Graham v. Selbie,* 8 S. D. 604 (67 N. W. 831); *Harvey v. Pealer,* 63 Mich. 572 (30 N. W. 188); *McConnell v. Goodwin,* 189 Ala. 390 (66 So. 675; Ann. Cas. 1917 A 839 and note); *State ex rel. Linde v. Robinson,* 35 N. D. 410 (160 N. W. 512).

We conclude that the appellee, in the absence of statutory prohibition, was not disqualified from voting, as a member of the county board of education, to sustain his own order or judgment, as county superintendent, then being reviewed by the board on appeal, in pursuance of express statutory authority for such review.

It follows that the lower court rightly sustained the demurrer and dismissed the petition.

The judgment is—*Affirmed.*

FAVILLE, C. J., and STEVENS and DE GRAFF, JJ., concur.