L. J. SPENCER et al., appellees, v. R. A. MORRIS, Superintendent of Schools (Greene County), et al., appellants.

No. 48345.

(Reported in 60 N.W.2d 528)

OCTOBER 20, 1953.

REHEARING DENIED DECEMBER 18, 1953.

Luther M. Reading and Harris,. Hanson & Harris, all of Jefferson, for appellants.

Cudahy & Wilcox, of Jefferson, for appellees.

SMITH, J.—The consolidation proceedings here were inaugurated and concluded under the provisions of chapter 276, Iowa Code, 1950. Plaintiffs contended, and the trial court held, that section 3 of chapter 94, Laws of the Fifty-fourth General

Assembly (which specifically amended parts of Code chapter 275 and expressly repealed section 4, chapter 150, Laws of the Fifty-second General Assembly) conflicts with, and has *impliedly* repealed, parts of Code chapter 276; and that by reason thereof these proceedings should have been under chapter 275 as amended.

The trial court accordingly adjudged "that the acts of the County Superintendent of Schools * * * in calling the election * * * and in causing it to be held under the provisions heretofore found in chapter 276 of the Code are annulled and said election is annulled." Defendants have appealed.

We have recently considered this exact question in Smaha v. Simmons, 245 Iowa 163, 60 N.W.2d 100, an appeal from the Tama District Court, and we there reached a conclusion adverse to this holding. It was practically conceded by plaintiffs in oral argument here that the Smaha decision would have to be overruled if their contention were to be sustained. No consideration is called to our attention sufficient to justify this change in our position. Plaintiffs argue that chapter 117, Laws of the Fifty-fifth General Assembly, has effected some clarification favorable to their contention but we are not impressed by the suggestion.

In view of our conclusion on the merits we need not consider a further argument advanced by defendants that certiorari was not the proper remedy.

The decision of the trial court is accordingly reversed.— Reversed.

All JUSTICES concur.