62 N.W.2d 194 (1954)
STATE ex rel. NATION et al.
v.
INDEPENDENT CONSOL. SCHOOL DIST. OF GOWRIE, IOWA et al.
No. 48411.
Supreme Court of Iowa.
January 12, 1954.
Rehearing Denied March 12, 1954.
*195 Willard M. Freel, Gowrie, Breen, Breen & McCormick, Fort Dodge, for appellants.
Bernard L. Willis, Lake City, for appellees.
HAYS, Justice.
But one question is presented on this appeali.e., "May a consolidated school district enlarge and extend its boundaries through the procedure authorized by Section 274.16, Code of 1950 as amended by Chapter 94, Acts 54th General Assembly?" The trial court held not and we agree.
No detailed statement of facts is necessary. Suffice to say that in 1952, three rural independent school districts were purportedly merged with the Independent Consolidated School District of Gowrie, Iowa a previously existing consolidated school. The procedure adopted was that prescribed by Section 274.16, Code of 1950, as amended. No question is raised as to any irregularities therein. This action in Quo Warranto questions the legality of such procedure and presents the old question of which chapter of the Code applies, Chapter 274 or 276.
While the propriety of proceeding under Section 274.16, specifically, has not recently been before this Court, the general question has been argued, re-argued, and passed upon by this Court in the recent cases of Cook v. Consolidated School District, 240 Iowa 744, 38 N.W.2d 265; Swan Lake Consolidated School Dist. v. Consolidated School District, Iowa, 58 N.W.2d 349; and more generally in Smaha v. Simmons, Iowa, 60 N.W.2d 100.
In the Swan Lake case this Court was asked, as we are here asked, to overrule our holding in the Cook case. While the writer of this opinion dissented thereto, the Court, after a careful review of the various statutes and decisions involved, reaffirmed the Cook case. As the law in this State now stands, as announced in the Cook and Swan Lake cases, any attempt to change the boundaries of a consolidated school district, by merging of other districts therewith; by annexation thereto of parts of other districts or by the creation of a consolidated district out of independent districts where no consolidated district had before existed, must be done under the procedure outlined in Chapter 276.
While the writer is inclined to agree with appellants' statement "that the school law has reached an all time high in confusion," there is no reason for adding fuel to the fire by once again throwing wide the gates for litigation by reversing the rule announced in the above cited cases. The rule is clearly set forth therein, the decision of *196 the trial court is in accord therewith and same should be affirmed.
All Justices concur.
Affirmed.