LESTER ANDERSON et al., appellants, v. C. G. HADLEY, County Superintendent of Schools (Woodbury County) et al., appellees.

No. 48437.

(Reported in 63 N.W.2d 234)

MARCH 9, 1954.

John D. Beardsley, of Onawa, for appellants.

A. H. Bolton, of Sioux City, and Charles N. Woolery, of Sergeant Bluffs, for appellees.

GARFIELD, J.—On February 16, 1953, a petition was filed with defendant County Superintendent of Schools of Woodbury County, asking the establishment of boundaries for a proposed consolidated independent school district to be called "Consolidated Independent School District of Sloan" in Woodbury and Monona Counties. The petition was filed pursuant to chapter 276, Code, 1950, and was signed by more than "one-third of the voters residing within the limits of the territory described" as required by Code section 276.2.

Defendant superintendent fixed a final date for filing objections to the petition and gave notice thereof as directed by section 276.4. Such objections were filed by persons entitled to object. Defendant superintendent overruled the objections and entered an order fixing the boundaries for the proposed school corporation pursuant to section 276.5. The objectors appealed to defendant Joint Boards of Education of Woodbury and Monona Counties, by serving written notice on defendant superintendent. (Section 276.6) The superintendent then called a meeting of the joint boards to hear the objections (276.9).

The only action taken by the joint boards was a tie vote upon a motion to dismiss the petition filed with the superintendent. Immediately after this tie vote a motion to adjourn was made and carried. Defendant superintendent then called a special election, pursuant to section 276.11, to vote upon the creation of the new corporation. A majority of votes favored the proposition. The superintendent later called an election to choose directors for the corporation (276.18).

The day before the first of these elections the objectors commenced in the district court this action in certiorari challenging the legality of the joint boards' act in failing to fix the boundaries for the proposed district as required by sections 276.8, 276.9, and the legality of the superintendent's act in calling the first election before such boundaries had been fixed by the joint boards. The petition in certiorari asked that further proceedings, including the first election, be stayed pending the court's

decision. By amendment to said petition legality of the calling of the second election (of directors) was challenged and a stay thereof sought.

Following trial of the certiorari action the district court sustained the challenged acts of defendants and denied the writ. Upon this appeal from the judgment plaintiffs renew two contentions urged upon the trial. Other propositions then advanced are not argued and are therefore deemed waived. Rule 344(a) (4) (Third), Rules of Civil Procedure; Livingston v. Davis, 243 Iowa 21, 24, 25, 50 N.W.2d 592, 595, 27 A. L. R.2d 1237, and citations.

I. Plaintiffs contend defendants' acts were illegal because the petition filed with the superintendent was not first submitted to the joint boards of education of the two counties, or at least to the Monona County board, for approval. It is said such submission is required by this provision of section 3, chapter 94, Acts 54th G. A. (1951): "Any proposal for merger, consolidation or boundary change shall first be submitted to the county board of education for approval before being submitted to the affected districts at an election."

The contention is without merit and is ruled by our decisions in Smaha v. Simmons, 245 Iowa 163, 60 N.W.2d 100, and Spencer v. Morris, 245 Iowa 318, 60 N.W.2d 528.

Chapter 94, Acts 54th G.A., expressly amended parts of chapter 275, Code of 1950, Code sections 274.16 and 273.13, and repealed section 4, chapter 150, Acts 52d G.A. Chapter 94 (54th G.A.) applies only to what we have called the official plan method of reorganization and consolidation of school districts originally provided for by Code chapter 275. Chapter 94 has no application to the people's petition method of establishing a new district specified in Code chapter 276. Smaha and Spencer cases, supra.

The procedure set out in chapter 276 is complete in itself. The petitioners for the new district properly proceeded under chapter 276. See in addition to the Smaha and Spencer cases, Cook v. Consolidated School District of Truro, 240 Iowa 744, 38 N.W.2d 265; Swan Lake Consolidated School District v. Consolidated School District, 244 Iowa 1269, 58 N.W.2d 349; State

ex rel. Nation v. Independent Consolidated School District, 245 Iowa 663, 62 N.W.2d 194.

That section 3, chapter 94, 54th G.A., upon which plaintiffs rely, applies only to the so-called official plan method of reorganization and consolidation and has no application to the method of establishing a new district under Code chapter 276 seems apparent from the language of section 3. Preceding the sentence quoted above on which plaintiffs rely the section provides: "The county board of education shall prepare and approve tentative plans for reorganization of school districts within the county after consultation with the boards of the various districts in the county and the state department of public instruction. Within ten (10) days after the county board has approved their tentative plan they shall file such plan with the state department of public instruction."

II. Plaintiffs also contend Code sections 276.8, 276.9 imposed upon defendant joint boards the mandatory duty of fixing the boundaries for the proposed corporation or of dismissing the petition and their failure to perform such duty is an illegality which renders the superintendent's calling of the elections also illegal. The trial court rejected this contention on the ground that failure of the joint boards to fix the boundaries or dismiss the petition left the boundaries fixed by the superintendent legally effective and made his order final. We are unable to agree with this view. We think plaintiffs' second contention is sound.

These Code sections are vital to a determination of this matter:

"276.8 Appeal when territory in one county. If the territory described in the petition for the proposed corporation lies wholly in one county, the county board of education * * * shall hear the said objections * * * and * * * shall determine and fix such boundaries for the proposed school corporation as in its judgment will be for the best interests of all concerned, without regard to existing district lines. If such boundaries are neither those petitioned for nor those fixed by the county superintendent, the hearing shall be adjourned, and notice of such adjourned hearing shall be given as for the hearing before the county

superintendent, and upon the final hearing the board of education shall fix the boundaries, or dismiss the petition, which shall be final.

"276.9 Appeal when territory in different counties. If the territory described in the petition for the proposed corporation lies in more than one county, * * * the county boards of education of the different counties * * * shall determine and fix boundaries for the proposed corporation, as provided in section 276.8, or dismiss the petition, which shall be final.

"276.10 Interested parties as judges. No member of a county board of education who lives or owns land within the proposed district or within any existing district affected by the proposed change in boundaries, or who has filed objection to the establishment of the new school corporation, shall take any part in determining any matter concerning the establishment * * * of such school corporation * * *.

"276.11 Special election called—time. When the boundaries of the territory to be included in a proposed school corporation have been determined as herein provided, the county superintendent * * * shall call a special election in such proposed school corporation within thirty days from the date of the final determination of such boundaries * * *."

It seems clear that after the appeal was taken to the joint boards sections 276.8, 276.9 placed upon them the mandatory duty of fixing the boundaries of the proposed corporation or of dismissing the petition. The legislature evidently desired the judgment of the boards in fixing such boundaries as they felt "will be for the best interests of all concerned, without regard to existing district lines." The boundaries to be so fixed need not be those petitioned for nor those fixed by the superintendent.

Defendant boards failed to perform the mandatory duty so placed upon them. Apparently they made no attempt to fix such boundaries for the proposed district as were in their judgment for the best interests of all concerned. They seem to have given no consideration to that question. They considered only dismissal of the petition. When the tie vote was cast upon that proposition they promptly adjourned.

Because the boundaries were never fixed as provided by sections 276.8 and 276.9 there was no statutory authority for the superintendent to call the first election. His act in so doing must be deemed illegal. Section 276.11, quoted above, provides: "When the boundaries * * * have been determined *as herein provided,* the county superintendent * * * shall call a special election * * *." (Emphasis added.)

Our conclusion finds support in State ex rel. Consol. Sch. Dist. v. Consolidated Ind. Sch. Dist., 190 Iowa 1154, 181 N.W. 495, where the county superintendent called an election to vote upon the establishment of a proposed consolidated independent school district during the time allowed for appeal to the board of education from his decision overruling objections to the petition. This left only two days, instead of the five days required by statute, between the time of the final decision of the board of education and the date of the election. We held the election was illegal. The opinion states:

"And clearly, no election could be legally held until after the boundaries were finally determined by said board. * * * [Page 1158 of 190 Iowa.] Until this board passed upon the objections, and finally determined and fixed the boundaries of the district, it could not be known whether the independent district of Lone Tree would be included within the boundaries of the proposed district or not. * * * [Page 1159 of 190 Iowa.]

"The boundaries, in case of an appeal including that question, must be finally fixed by the county board of education, and notice of the election should not be published until this action has been taken. It follows that the election in question was illegal, because of the failure of the county superintendent to give such 5 days' notice after the final decision of the county board * * *." (Page 1160 of 190 Iowa.)

See also as having some bearing Whittemore v. Town Clerk of Falmouth, 299 Mass. 64, 12 N.E.2d 187; State ex rel. School District v. School District, 163 Mo. App. 253, 146 S.W. 816, where a board failed to make a finding, required by statute, that a proposed change of boundaries of school districts was necessary.

Our decision is not contrary to Thie v. Cordell, 199 Iowa 709, 711, 202 N.W. 532, 533, cited by defendants. There a county

superintendent of schools dismissed a petition for dissolution of a consolidated independent school district and on appeal from the ruling to the county board of education, as an ex officio member of the board, he voted to affirm his own decision. The vote was a tie. Petitioners brought mandamus to compel the superintendent to call an election upon the proposed dissolution on the ground the superintendent had no right to cast such a vote. We held the superintendent was not disqualified from voting to affirm his own decision and denied relief. The opinion states: "The only question presented on this appeal is as to the right of the appellee to vote, as a member of the county board of education, upon the consideration by the board of the appeal from his own decision."

Defendants rely upon this statement from the opinion: "It appears to be conceded that, if the vote of the members of the board of education legally entitled to vote upon the proposition was a tie, this would result in sustaining the action of the county superintendent; and that, if the county superintendent was entitled to vote, the demurrer was properly sustained."

Obviously the language last quoted refers merely to a concession by the litigants in the Thie case. No such concession appears here. Further, the question now presented was not involved in Thie v. Cordell.

Attention has been called to chapter 117, Acts 55th General Assembly, which amended, revised and codified Code chapters 275 and 276. Section 17 of chapter 117 provides: "A tie vote of members at a hearing under sections fifteen (15) or sixteen (16) shall be deemed as granting the petition." The trial court felt this was a legislative interpretation, favorable to defendants, of Code sections 276.8, 276.9 prior to the enactment of chapter 117.

The language quoted from chapter 117 does not aid defendants. It became effective after this action was commenced. See Altman v. Independent School Dist., 239 Iowa 635, 645, 32 N.W.2d 392, 397. Defendants in effect ask us to write into Code sections 276.8, 276.9 such a provision as was subsequently enacted by chapter 117. They want us to construe 276.8 and 276.9 to mean what chapter 117, 55th General Assembly, now means.

■ Chapter 117 may have been enacted because the quoted provision of the 55th General Assembly was intended to change the meaning of sections 276.8 and 276.9 in the event of a tie vote. Ordinarily a change in the language of a statute indicates an intention to change its meaning, although an amendment may be enacted so the statute will correspond to what had previously been supposed was the law rather than to effect a change therein. The important consideration is that Code sections 276.8, 276.9 which govern this controversy do not fairly mean what chapter 117, 55th General Assembly, does. See in support of these views Hansen v. Iowa Employment Sec. Comm., 239 Iowa 1139, 1141, 1142, 34 N.W.2d 203, 204, 205, and citations; State ex rel. McElhinney v. All-Iowa Agricultural Assn., 242 Iowa 860, 865, 48 N.W.2d 281, 283, 284.

■■ Further, courts are not bound by the mere construction one legislature may put upon an act of a previous session. The interpretation of an existing statute is a judicial, not a legislative, function. An erroneous opinion of an existing law by the legislature does not alter it. The legislative intent that controls in the construction of a statute has reference to the legislature that enacted it, not a subsequent one. In re Guardianship of Wiley, 239 Iowa 1225, 1231, 34 N.W.2d 593, 596, and citations.

See also Spencer v. Morris, supra, 245 Iowa 318, 319, 60 N.W.2d 528, where we say: "Plaintiffs argue that chapter 117, Laws of the Fifty-fifth General Assembly [I.C.A., §275.1 et seq.], has effected some clarification favorable to their contention but we are not impressed by the suggestion."

■■ III. Defendants argue this action in certiorari will not lie. The argument is based on holdings that quo warranto is the exclusive remedy to test the legality of the organization of a school corporation. Cook v. Consolidated School District of Truro, supra, 240 Iowa 744, 751, 38 N.W.2d 265, 268, and citations; Swan Lake Consol. Sch. Dist. v. Consolidated Sch. Dist., supra, 244 Iowa 1269, 1277, 58 N.W.2d 349, 353. Like the trial court, we think these decisions are not applicable and that certiorari is a proper remedy to review the illegalities challenged here.

When this action was commenced the first election was not held and the proposed corporation was not organized. For quo warranto to lie the corporation must be actually in existence. High's Extraordinary Legal Remedies, section 688, page 647. See also 74 C. J. S., Quo Warranto, section 13, page 197.

For the purpose of bringing quo warranto questioning the legality of the organization of any school district the corporation shall be deemed duly organized and to have commenced the exercise of its franchises when the president of the board of directors has been elected. Code sections 274.4, 274.5; Swan Lake Consol. Sch. Dist. v. Consolidated Sch. Dist., supra, 244 Iowa 1269, 1279, 58 N.W.2d 349, 354.

The rule generally recognized is that where it is contended a corporation never had a legal existence the individuals who claim to act as the corporation are the proper parties defendant. The State v. The Independent Sch. Dist. of Dallas Center, 44 Iowa 227; People ex rel. Ray v. Lewistown Community High School Dist.; 388 Ill. 78, 57 N.E.2d 486, 490; State ex rel. Larson v. Morrison, 155 Neb. 309, 51 N.W.2d 626, 629; 74 C. J. S., Quo Warranto, section 32b, page 231; 44 Am. Jur., Quo Warranto, section 80; note, Ann. Cas. 1913A 570.

At the time this action was commenced officers of the proposed district had not been chosen and there were no individuals assuming to act as the corporation. Hence there was no one against whom to bring quo warranto. People ex rel. Lafferty v. Owen, 286 Ill. 638, 122 N.E. 132, 133, 3 A.L.R. 447, 449.

Plaintiffs did not seek to test the legality of the organization of the corporation. They sought to review two acts of illegality —the joint boards' failure to fix the boundaries of the new district and the superintendent's calling of the first election without the fixing of the boundaries by the boards. They combined with this a request for a stay of the first election. Rule 310, Rules of Civil Procedure, provides the proceedings sought to be reviewed may, in the court's discretion, be stayed. See also 14 C.J.S., Certiorari, section 111.

Certiorari lies "where an inferior tribunal, board or officer, exercising judicial functions, is alleged to have exceeded its, or his proper jurisdiction or otherwise acted illegally." Rule

306, Rules of Civil Procedure. "The writ shall not be denied or annulled because plaintiff has another plain, speedy or adequate remedy; * * *." Rule 308, R.C.P.

Certiorari is proper even though the inferior board or officer was not exercising a judicial function in the strict or technical sense in which the term is used when applied to courts. The authorities are substantially agreed and we have recognized that certiorari will lie if the act is of a quasi-judicial character. Massey v. City Council, 239 Iowa 527, 530, 31 N.W.2d 875, 878, and citations; Reter v. Davenport, R.I. & N.W. Ry. Co., 243 Iowa 1112, 1122, 54 N.W.2d 863, 869; 14 C.J.S., Certiorari, section 17b, page 146. We think the acts sought to be reviewed here were quasi-judicial.

The black-type heading to section 49c, Schools and School Districts, 78 C.J.S., states: "A writ of certiorari may issue to review the acts or proceedings of officers, boards, or other subordinate agencies in creating or altering school districts * * * where such officers or boards have acted illegally or in excess of their jurisdiction."

A footnote to the above section reads: "After district organization has been perfected and it is exercising the powers conferred by law on school districts, the validity of its formation cannot be reviewed on certiorari, the appropriate remedy being proceedings of the nature of quo warranto to test the legality of its corporate existence."

47 Am. Jur., Schools, section 24, says: "Certiorari may be resorted to in a proper case, where no appeal lies and there are no officers against whom quo warranto proceedings might be maintained." 10 Am. Jur., Certiorari, section 11, page 535, states: "Certiorari has also been declared to be a proper remedy: * * * to test the organization of a high school district where appeal does not lie and no officers exist against whom quo warranto might be maintained; * * *."

14 C.J.S., Certiorari, section 17a, page 144, says: "The following acts, among others, have been held judicial or quasi-judicial: The action or determination of a county board as to a petition for the creation of a new county, a petition to remove a county seat and remonstrances thereto, as to notice of election

for fire prevention district, * * * laying out and establishing a highway, * * * the action of a school board in locating a schoolhouse, or changing district boundaries; * * *."

Thie v. Cordell, supra, 199 Iowa 709, 714, 202 N.W. 532, indicates, without expressly so holding, that such acts as plaintiffs seek to review here are judicial or quasi-judicial in character. To the same effect are Perkins v. Board of Directors, 56 Iowa 476, 479, 9 N.W. 356, 357; Smith v. Blairsburg Independent Sch. Dist., 179 Iowa 500, 508, 159 N.W. 1027; Altman v. Independent School Dist., supra, 239 Iowa 635, 32 N.W.2d 392. Incidentally, the heading to Code section 276.10, heretofore quoted, reads: "Interested parties as judges."

Code sections 276.8, 276.9, quoted above, state that the action of the boards in fixing the boundaries or dismissing the petition shall be final. No appeal is provided for. Unless certiorari lies it is doubtful if any remedy was open to plaintiffs by which to test the legality of the challenged acts of defendants. See Massey v. City Council, supra, 239 Iowa 527, 532, 31 N.W.2d 875, 879; Smith v. Powell, 55 Iowa 215, 216, 7 N.W. 602; People ex rel. Lafferty v. Owen, supra, 286 Ill. 638, 122 N.E. 132, 133, 3 A.L.R. 447, 449. We have entertained appeals in certiorari actions under somewhat similar circumstances, without expressly holding the remedy was proper, in the following cases and perhaps others: Spencer v. Morris, supra, 245 Iowa 318, 60 N.W.2d 528, where we found it unnecessary to consider the argument that certiorari was not the proper remedy; Smaha v. Simmons, supra, 245 Iowa 163, 60 N.W.2d 100; Zilske v. Albers, 238 Iowa 1050, 29 N.W.2d 189; Brooker v. Ludlow, 189 Iowa 760, 179 N.W. 145; Smith v. Blairsburg Independent Sch. Dist., supra, 179 Iowa 500, 508, 159 N.W. 1027; Molyneaux v. Molyneaux, 130 Iowa 100, 106 N.W. 370.

Decisions from other jurisdictions which support our holding that certiorari is a proper remedy here include: Mitchell v. Directors of School Dist. No. 15, 153 Ark. 50, 239 S.W. 371, 373; Crane v. Board of Supervisors of Los Angeles County, 17 Cal. App.2d 360, 62 P.2d 189; McKeown v. Moore, 303 Ill. 448, 135 N.E. 747; Southworth v. Board of Education, 238 Ill. 190, 87 N.E. 403, 404 (location of schoolhouse); Claiborne v. Joint

Consolidated Sch. Dist. No. 7, 195 Okla. 215, 156 P.2d 602; School District No. 68 Yamhill County v. Hoskins, 194 Or. 301, 240 P.2d 949, 955; State ex rel. Oelke v. Doepke, 260 Wis. 493, 51 N.W.2d 10, 13.

See also Drainage Commissioners v. Griffin, 134 Ill. 330, 25 N.E. 995, which holds, after full discussion, certiorari lies to review a claimed illegality in the giving of notice on a petition to enlarge the boundaries of a drainage district. The opinion has been frequently cited with approval. Imperial Water Co. v. Board of Supervisors, 162 Cal. 14, 120 P. 780, 782, is a like decision involving a claimed illegality in the organization of an irrigation district.

We hold the joint boards' failure to fix the boundaries of the proposed new district or dismiss the petition and the superintendent's calling of the two elections without the fixing of the boundaries by the boards were illegalities which should be annulled, that defendants should proceed in these respects in the manner provided by law, and that the writ of certiorari should be sustained. For judgment in harmony herewith the cause is—Reversed and remanded.

BLISS, C.J., and WENNERSTRUM, SMITH, MULRONEY, HAYS, THOMPSON, and LARSON, JJ., concur.