VARINA CONSOLIDATED SCHOOL DISTRICT, a corporation, appellee, v. A. E. HARRISON, superintendent of Schools of Buena Vista County, et al., appellants.

No. 48500.

(Reported in 64 N.W.2d 268)

MAY 4, 1954.

Edson, Edson & Hamilton, of Storm Lake, Donald G. Beneke, of Laurens, and Loth & Melton, of Fort Dodge, for appellants.

Breen, Breen & McCormick, of Fort Dodge, for appellee.

OLIVER, J.—This case involves the validity of the proceedings for the organization of Consolidated Independent School District of Coon and Newell Townships, in Buena Vista County. The new consolidated district was established in 1952 under chapter 276, Code of Iowa, 1950. It embraced all of the twenty-eight government sections of Coon Independent School District and a block of twelve sections contiguous thereto, which was part of plaintiff, Varina Consolidated School District. This left the Varina district with an area of sixteen sections.

Plaintiff's pleaded assault on the validity of the proceedings by which the new district was organized was based upon various grounds. However, at the trial it was stipulated the only issue was whether, in the election in which the organization of the new corporation was voted, the statutes required the use of two separate ballot boxes, one for voters of the twenty-eight government sections of the Coon Independent district and the other for voters of the twelve included sections of the Varina district, instead of the one ballot box in which all the votes were deposited. The trial court adjudged the election was illegal because of noncompliance with provisions of chapter 275, Code of Iowa, 1950, as amended, which provided the plan would be adopted if it received a majority of the votes cast in each of the affected districts.

I. After the judgment of the trial court was rendered,

this court, in other appeals, decided the provisions of chapter 275 of the Code were not applicable to proceedings to organize consolidated school districts under chapter 276. Smaha v. Simmons, 245 Iowa 163, 60 N.W.2d 100; Spencer v. Morris, 245 Iowa 318, 60 N.W.2d 528; Anderson v. Hadley, 245 Iowa 550, 554, 63 N.W.2d 234, 237. See also State ex rel. Nation v. Independent Consol. Sch. Dist., 245 Iowa 663, 62 N.W.2d 194. As pointed out in Anderson v. Hadley, supra: "The procedure set out in chapter 276 is complete in itself."

The doctrine of the foregoing decisions, to which we adhere, requires the conclusion that noncompliance with provisions of chapter 275 did not invalidate the election for the organization of the new district because chapter 275 was not applicable to such proceedings.

II. The remaining question is whether separate ballot boxes and voting were required by other statutes. Plaintiff contends. Code sections 276.14 and 274.27 required separate voting in this election. The trial court held the provisions of neither of these sections were applicable. We agree with that conclusion.

■ Section 276.14 stated: "When it is proposed to include in such district a school corporation which contains an area of more than sixteen sections and which maintains a central school, the voters * * * shall vote separately * * *."

The record shows the Coon Independent School District did not maintain a central school. Hence, the statute would not apply to Coon Independent district. Nor would it apply to the Varina district, only part of which (twelve sections) was included in the new district. Moreover, the part included did not maintain a central school. The factual situation here was not such as to make Code section 276.14 applicable.

■ Nor was Code section 274.27 of any effect here. That section was in chapter 274. In Cook v. Consolidated School District of Truro, 240 Iowa 744, 38 N.W.2d 265, and in Swan Lake Consolidated School District v. Consolidated School District of Dolliver, 244 Iowa 1269, 58 N.W.2d 349, we held chapter 274 was inapplicable where, as here, a new school corporation was formed. The rule enunciated in these cases has been approved in later decisions in which all members of the court

joined. State ex rel. Nation v. Independent Consol. Sch. Dist., 245 Iowa 663, 62 N.W.2d 194; Anderson v. Hadley, 245 Iowa 550, 63 N.W.2d 234. It is directly contrary to plaintiff's contention. Another reason why section 274.27 could have no effect here is its language merely required the voters to vote separately: "Whenever it is proposed to extend the limits of, or add territory to, an existing independent city, town, or consolidated district * * *." Coon Independent district was neither a city district, a town district nor a consolidated district. It was merely an independent district in which there was no city or town.

No statute governing the organization of this consolidated district required separate ballot boxes. Hence, the use of one ballot box only was proper. It may be noted the Code chapters referred to herein have been repealed in whole or in part.— Reversed.

All JUSTICES concur.