## MONTGOMERY v. STATE ELECTION BOARD *et al.*

No. 2052.    Opinion Filed October 28, 1910.

(111 Pac. 447.)

**COURTS—Supreme Court—Original Jurisdiction—Writs of Certiorari.**
An action was originally instituted in this court by M., a qualified elector and taxpayer in the county of O., and also a member of the county election board of said county, for a writ of certiorari to issue to the State Election Board, and also the county election board of said county, directing said State Election Board to certify to this court a record of all proceedings had with reference to the resignation of P. as a member thereof and the appointment of M. in his stead, and that the pretended appointment of M. be set aside and held for naught; and further that a writ to the county election board of O. county be issued directing said board to certify to this court a record of all proceedings had by S. as a member thereof since

September 8, 1910, and that all proceedings had by them be set aside, vacated and held for naught. **Held,** that this court has not original jurisdiction of such action.

(Syllabus by the Court.)

*Original Application for Writ of Certiorari.*

Application by Hunter Montgomery for a writ of certiorari to the state election board and the county election board of Okfuskee county. Writ quashed, and proceeding dismissed.

*Burford & Burford,* for plaintiff.

*Charles West,* Attorney General, and *Charles L. Moore,* Assistant Attorney General, for defendants.—Citing *Homesteaders v. McCombs,* 24 Okla. 204.

WILLIAMS, J. On October 10, 1910, the plaintiff, as a qualified elector, property owner and taxpayer in the county of Okfuskee, of this state, and also as a member of the county election board of said county, filed a petition in this court asking for a writ of certiorari to issue to the state election board and the county election board of Okfuskee county directing said state election board to certify to this court a record of all proceedings had with reference to the resignation of J. B. Patterson as a member thereof, and the appointment of H. H. Mosier in his stead, and that the pretended appointment of said Mosier be set aside and held for naught, and that a further writ to the county election board of Okfuskee county be issued directing said board to certify to this court all the proceedings had by A. V. Skelton, a member of said county election board, and the said H. H. Mosier acting as a member thereof, on or since September 8, 1910, and that all the proceedings had by them be set aside, vacated and held for naught. A writ was issued requiring said state election board to so certify a record of its proceedings or to show cause why it should not be so certified. Said board, having made due return to such writ through the Attorney General, has challenged the jurisdiction of this court in this proceeding.

The case at bar seems to be concluded by that of *Homestead-*

*ers v. McCombs, Ins. Com'r,* 24 Okla. 204, 103 Pac. 691, wherein it was said:

"The executive department of the government cannot exercise powers belonging to the judicial, except as they are an incident to the administration of the prescribed duties of such department. *In re County Com'rs. of Seventh Judicial District,* 22 Okla. 435, 98 Pac. 557. The original jurisdiction of this court extends to a general superintending control over all inferior courts and all commissions and boards created by law. In furtherance of that jurisdiction, it has power to issue writs of mandamus, *quo warranto,* certiorari, prohibition, and such other remedial writs as may be provided by law."

On page 209 of 24 Okla., page 694 of 103 Pac., it is further said:

"This court has no jurisdiction, unless the insurance department or commissioner comes within the purview of an inferior court, or commission or board created by law, as contemplated in section 2, art. 7 (Bunn's Ed. § 170), of the Constitution of this state. The insurance commissioner, being an executive officer of the state, charged only with the duty of the execution of all laws in force in the state relating to insurance and insurance companies doing business therein, can exercise neither legislative nor judicial functions, except as the same are merely an incident to the administration of his department. The words 'commissions' and 'boards,' as used in connection with the term 'inferior courts,' mean such commissions or boards as judicial power may be vested in pursuant to section 1, art. 7 (Bunn's Ed. § 169), of the Constitution, and the hearing and determination of matters by commissioners or boards from which appeals may be taken, or to which writs of certiorari, and other like writs, may lie, appears to be the test."

Section 4, art. 3, of the Constitution of this state provides:

"The Legislature shall enact laws creating an election board (not more than a majority of whose members shall be selected from the same political party), and shall provide the time and manner of holding and conducting all elections; and, at any time the federal Constitution may permit the election of United States senators by direct vote of the people, the Legislature shall provide for their election as for the election of Governor and other elective officers."

This board is a part of the executive department of the state, charged with the duty of the execution of all laws in force in the state relating to the holding of elections. It can exercise neither legislative nor judicial functions except as the same are merely incidental to the administration of its duties as a board of the executive department. It is not such a board or commission as judicial power may be vested in pursuant to article 7, § 1, of the Constitution, as was held in *Homesteaders v. McCombs, Ins. Com'r., supra.* Nor will any appeal lie from the hearing and determination of matters by said board, nor will writs of certiorari and other like writs run to such board. This writ should be quashed, and this proceeding dismissed for want of jurisdiction, unless the unanimous opinion of this court in *Homesteaders v. McCombs, Ins. Com'r, supra,* is erroneous and should be overruled.

It is insisted by counsel that the Homesteaders' case was especially limited to the facts therein, and the attention of this court is called to the following language used in said opinion (page 209 of 24 Okla., page 694 of 103 Pac.) :

"At this time we make no intimation as to the proper rule in determining the original jurisdiction of this court in its supervisory capacity over inferior courts, and commissions and boards created by law. The question as to when this court should assume original jurisdiction in such cases, and when the party will be remitted to the proper district court, is specifically reserved."

This language is no limitation upon the holding that the words "commissions" and "boards," as used in connection with the term "inferior courts," mean such commissions or boards as judicial power may be vested in pursuant to section 1, art. 7 (Bunn's Ed. § 169), of the Constitution, and the hearing and determination of matters by commissioners or boards from which appeals may be taken, or to which writs of certiorari, and other like writs, may lie.

This court left open the question as to when parties would be permitted to bring original proceedings in this court against

such boards and commissions as was contemplated in section 1 of article 7 of the Constitution, or be remitted to the district court or superior courts of the state for relief. It might be that such board or commission exercised jurisdiction extending only to one county, and not over the entire state. The question would then arise as to whether the party invoking the jurisdiction to issue such writs should be remitted to the local courts and the parties .affected should not be caused to be brought by such writ ofttimes from remote parts of the state to the capital to have such questions adjudicated, but to leave them to be adjudicated in a court of competent jurisdiction in their own localities where they would be determined, and only in exceptional cases the matter .reviewed by the highest court of the state. Such rule is salutary in conserving the rights and conveniences of the people and supported by eminent authority. *State ex rel. Brett, County Attorney, v. Kenner et al.,* 21 Okla. 817, 97 Pac. 258, wherein this court held that the Supreme Court was "essentially a court of appeals, and is without original jurisdiction to issue writs of injunction in cases where the relief prayed for is purely injunctional," is in harmony with the rule announced in the Homesteaders' case. These rules were announced by the unanimous decision of this court and we see no sufficient reason why we should depart from them.

The writ is, accordingly, quashed, and this proceeding dismissed.

KANE and TURNER, JJ., concur; DUNN, C. J., and HAYES, J., dissent.