STATE *ex rel.* LOWE v. PRUETT, *Clerk of District Court.*

No. 6472.　Opinion Filed November 17, 1914.

(144 Pac. 365.)

MANDAMUS—Jurisdiction of Supreme Court—District Clerk—Performance of Official Duties—"Administrative Officer." Plaintiff filed his petition in this court, praying for a writ of mandamus, and as grounds therefor alleged in substance that defendant is clerk of the district court of Beaver county; that plaintiff filed a praecipe with said clerk for writ of restitution, which the clerk refused to issue. Held, that since the clerk of the district court is an "administrative officer," vested with no judicial powers, this court is without jurisdiction to issue a writ of mandamus to compel the performance of any duty devolving upon him. (Syllabus by the Court.)

Original mandamus by the State, on the relation of Seward K. Lowe, against O. F. Pruett, Clerk of the District Court of Beaver County. Writ denied.

*Appleget & Herod,* for relator.

*Dickson & Dickson* and *Gray & McVay,* for respondent.

RIDDLE, J. This is an original proceeding instituted in this court for writ of mandamus. In substance, it is alleged in the petition that in 1911 relator filed his petition in the district court of Beaver county against A. J. Dickson, praying for a temporary injunction restraining defendant therein from interfering with possession of plaintiff to a certain quarter section of land therein described during the pendency of the action; that said temporary writ was issued, and thereafter, upon final hearing, a mandatory writ of injunction was issued and made per-

petual, and by the terms thereof it was decreed that defendant therein should be removed from said premises; that a writ of possession be issued to the sheriff, commanding him to remove defendant therein from said premises, and to place plaintiff in possession thereof; that said writ of error was prosecuted from said judgment to the Supreme Court, which proceeding was thereafter dismissed, which had the effect of affirming the judgment of the trial court; that after the mandate had been issued and filed in the trial court, defendant, Dickson, filed his motion to vacate said judgment, alleging several reasons why the same is void; that said motion came on to be heard before the court and was denied; that defendant filed his motion for new trial, which was overruled, and gave notice of appeal to the Supreme Court. Supersedeas bond was fixed in the sum of $600, and it was ordered upon the filing and approval of said bond that further proceedings be stayed, pending the determination of said matter by this court, which said supersedeas bond was filed and approved by the court. He further avers that he filed with the clerk of the district court a praecipe for writ of restitution; that said clerk has refused and still refuses to issue said writ. He prays that a writ of mandamus be issued by this court, compelling said clerk to issue said writ. Respondent has filed his response, admitting practically all the allegations of the petition, and in substance affirmatively alleges that it was agreed in open court that, in the event a supersedeas bond was filed, the court should make an order staying the proceedings, pending the hearing of said writ in the Supreme Court.

At the threshold of this case, we are met with the question of jurisdiction of this court to issue the writ of mandamus prayed for. Section 2, art. 7, Constitution, in so far as applicable here, provides:

"The original jurisdiction of the Supreme Court shall extend to a general superintending control over all inferior courts and all commissions and boards created by law. The Supreme Court shall have power to issue writs of *habeas corpus,* mandamus, *quo warranto, certiorari,* prohibition, and such other remedial writs as may be provided by law, and to hear and determine the same.   *   *   *"

768 SUPREME COURT OF OKLAHOMA.

State ex rel. Lowe v. Pruett, District Clerk.

In the case of *Homesteaders v. McCombs, Ins. Com'r,* 24 Okla. 201, 103 Pac. 691, 38 L. R. A. (N. S.) 1000, 20 Ann. Cas. 181, in construing this provision of the Constitution, this court said:

"The Insurance Commissioner, being an executive officer of this state, charged only with the duty of the execution of all laws in force in the state relating to insurance and insurance companies doing business therein, can exercise neither legislative nor judicial functions, except as the same are merely an incident to the administration of his department. The words 'commissions' and 'boards,' as used in connection with the term 'inferior courts', mean such commissions or boards as judicial power may be vested in pursuant to section 2, art. 7 (Bunn's Ed. sec. 169), of the Constitution, and the hearing and determination of matters by commissioners or boards from which appeals may be taken, or to which writs of *certiorari,* and other like writs, may lie, appears to be the test."

To the same effect, see *Montgomery v. State El. Board et al.,* 27 Okla. 324, 111 Pac. 447; *State Pub. Co. v. Stearns, Mayor,* 25 Okla. 175, 105 Pac. 1118.

For two reasons, we are clearly of the opinion that this court has no jurisdiction to entertain this proceeding: (1) That respondent, the clerk of the district court, can exercise no judicial function, and is not an officer from whose action an appeal will lie; hence this court has no jurisdiction to supervise or correct any error of such an officer. (2) That the question here involved is not *publici juris,* but only one affecting the rights of individuals in a private litigation. In such cases, even if this court had jurisdiction, except for special reason shown, we would exercise our judicial discretion, and remit the parties to the district court.

For the reasons assigned, the writ is denied, and the petition dismissed.

All the Justices concur, except LOOFBOURROW, J., disqualified and not participating.