**STATE ex rel. GLENN, Co. Atty., v. CROCKETT, Co. Assessor.**

No. 13069—Opinion Filed May 2, 1922.

(Syllabus.)

1. **Courts — Original Jurisdiction of Supreme Court — Mandamus to County Treasurer.**

Plaintiff filed his petition in this court, praying for a writ of mandamus, to compel the defendant to assess the shares of stock of certain banks located in Grant county as omitted property for the year 1919. Held, that, since the county assessor is merely a ministerial officer, vested with no judicial powers, this court is without original jurisdiction to compel, by mandamus, the performance of any duty devolving upon him.

2. **Same — Matters of Public Right — Assessment of Local Banks.**

The matter of the assessment of banks in one county of the state is not publici

juris, and this court will not entertain an original action brought by the state, upon the relation of the county attorney of said county, for mandamus to compel the county assessor to assess the shares of stock of said banks as omitted property for a previous year.

Original Action in This Court.

Original action for writ of mandamus by the State of Oklahoma, on the relation of A. C. Glenn, County Attorney of Grant County, against Ralph W. Crockett, county Assessor. Writ denied and cause dismissed.

A. C. Glenn, Co. Atty., and W. H. Zwick and E. L. Fulton, Asst. Attys. Gen., for plaintiff.

C. S. Ingersoll, Sam P. Ridings, E. H. Breeden, and J. B. Drennan, for defendant.

NICHOLSON, J. This is an original action for writ of mandamus instituted in this court by the state on the relation of A. C. Glenn, county attorney of Grant county, against Ralph W. Crockett, county assessor of said county.

It appears that the Farmers' & Merchants' Bank of Nash, the National Bank of Pond Creek, the First National Bank of Medford, the Bank of Jefferson, and the First State Bank of Pond Creek, all located within Grant county, were for the year 1919, by the county assessor, assessed upon the value of their moneyed capital, surplus, and undivided profits; that said banks paid the taxes assessed against them for said year under protest, claiming certain exemptions by reason of said banks having a portion of their capital, surplus, and undivided profits invested in United States Liberty Bonds, state funding bonds, guaranty fund warrants, and state building bonds; that suits were brought by said banks in the district court of Grant county against the county treasurer of said county to recover the taxes so paid under protest, and judgments rendered therein in favor of said banks for the respective amounts found due, which judgments were paid and satisfied; that thereafter, and in the year 1920, George H. Belcher, the then county assessor of said county, attempted to assess the shares of stock of said banks as omitted property for the year 1919; that said banks brought suits against said Belcher, to enjoin him from making said assessment, and the district court of said county granted these injunctions, from which appeals were perfected to this court, but such appeals were on motion of the county attorney, dismissed, and he now seeks by this action to compel the present county assessor to assess the shares of stock of said banks upon the actual value thereof on the first day of January, 1919, as omitted property for the year 1919.

At the threshold of this case we are confronted with the question of jurisdiction of this court to issue the writ of mandamus prayed for. Section 2, article 7, of the Constitution, in so far as it applies, is as follows:

"The original jurisdiction of the Supreme Court shall extend to a general superintending control over all inferior courts and all commissioners and boards created by law. The Supreme Court shall have power to issue writs of habeas corpus, mandamus, quo warranto, certiorari, prohibition and such other remedial writs as may be provided by law, and to hear and determine the same; and the Supreme Court may exercise such other and further jurisdiction as may be conferred upon it by law."

In the case of Homesteaders v. McCombs, Insurance Commissioner, 24 Okla. 201, 103 Pac. 691, in construing this provision of the Constitution, this court said:

"The Insurance Commissioner, being an executive officer of the state, charged only with the duty of the execution of all laws in force in the state relating to insurance and insurance companies doing business therein, can exercise neither legislative nor judicial functions, except as the same are merely an incident to the administration of his department. The words 'commissions' and 'boards,' as used in connection with the term 'inferior courts,' mean such commissions or boards as judicial power may be vested in pursuance to section 1, art. 7 (Bunn's Ed. sec. 169), of the Constitution, and the hearing and determination of matters by commissioners or boards from which appeals may be taken, or to which writs of certiorari, and other like writs, may lie, appears to be the test."

To the same effect are Montgomery v. State Election Board, 27 Okla. 324, 111 Pac. 447; State Publishing Co. v. Stearns, Mayor, 25 Okla. 175, 105 Pac. 1118; State ex rel. Lowe v. Pruett, Clerk of District Court, 43 Okla. 766, 144 Pac. 365.

We are clearly of the opinion that this court is without jurisdiction to entertain this proceeding, for two reasons: First, the county assessor is merely a ministerial officer; he can exercise no judicial function, and is not an officer from whose action an appeal will lie; hence, this court has no jurisdiction to supervise or correct any er-

ror of his; and, second, the question here involved is not publici juris; it affects only the rights of the five banks and Grant county. The interests of the state at large are not involved. The cause should have been brought in the district court.

In State ex rel. Freeling, Attorney General, v. Lyons, Secretary of State, 63 Okla. 285, 165 Pac. 419, which was an action to compel, by mandamus, the defendant to mail commissions issued to notaries public, this court assumed jurisdiction because of the public need of notaries throughout the state, and because the refusal of the defendant to mail out such commissions affected the state at large. In discussing the question of public interest, the court said:

"We understand 'public interest' to mean more than a mere curiosity; it means something in which the public, the community at large, has some pecuniary interest, or some interest by which their legal rights or liabilities are affected. It does not mean anything so narrow as the interests of the particular localities, which may be affected by the matters in questions."

For the reasons stated, the writ is denied, and the cause dismissed.

HARRISON, C. J., and JOHNSON, McNEILL, and KENNAMER, JJ., concur.