## GREEN-BOOTS CONSTRUCTION CO. v. STATE HIGHWAY COMMISSION et al.

No. 19786. Opinion Filed Jan. 29, 1929.

Rehearing Denied Oct. 22, 1929.

Rittenhouse, Lee, Webster & Rittenhouse, for petitioners.

Edwin Dabney, Atty Gen., W. C. Lewis, Asst. Atty. Gen., and R. J. Ray, for respondents.

RILEY, J. There existed a written contract between the petitioner and the Highway Commission relative to federal aid projects Nos. 106, and 107, concerning the construction of hard-surface roads. That contract in part provided for arbitration in event of disputes pertaining to the contract; it further provided for the membership of the board of arbitration. The wording is as follows:

"In case any questions or disputes arise between the parties hereto respecting any matter pertaining to this contract, or any part thereof, said questions or disputes shall be referred to the State Highway Commission and the Attorney General of the state of Oklahoma, whose decisions shall be final and binding and conclusive upon all parties without exception or appeal; and all right or rights of any action at law or in equity under and by virtue of this contract and all matters connected with it and relative thereto are hereby expressly waived by the contractor."

The petitioner sought payment of $155,576.-44, based upon a claim of cost of delay in work occasioned by acts of respondent and changes in plans and other matters growing out of the contractual relation of the parties. The board of arbitration created by the contract met to consider the claim, but sustained a demurrer to the same, expressing their view that their function under the contract was limited to disputes arising between the contractor and the Commission or between the contractor and the State Engineer, and respecting matters pertaining to the contract, and that their power did not extend to the award of damages for loss or detriment suffered by the contractor.

The power of the Highway Commission is derived from the statute. The statute provides that the road funds be used for building and maintaining the roads and for no other purpose. The Highway Commission has no power or authority to determine the damage suffered by a contractor because of the wrongful acts of the Commission, nor to make payment therefor from the public funds, even admitting such damages.

The Highway Commission in agreement with the contractor created a board of arbitration. That board's progenitor was the contract, not the statute. It was neither a court, board nor commission deriving its existence from the statute. Though it may have acted judicially, its decisions are not reviewable upon certiorari. That prerogative writ is one issued to inferior courts, boards, and tribunals created by law. There is no precedent of such a certiorari in this court, in other states of the Union, or in the English Reports. Hence, a cogent and almost irresistible reason results against the present employment of the writ. So reasoned Lord Mansfield (The King v. Whitbread, Doug. 549), when he said:

"Though great industry has been employed, no case was produced in which a certiorari has been granted to remove proceedings before the Commissioner of Excise. This circumstance alone affords strong ground to suspect that none is grantable."

When the contractual board of arbitration failed to provide relief sought, the petitioner had recourse to the courts by action. Therein was provided an adequate remedy.

Section 2, art. 7, Constitution, contemplates the exercise of original jurisdiction by the Supreme Court in "a general superintending control over all **inferior courts** and all commissions and boards **created by law**." "Created by law" is sig-

nificant herein, and directly opposed to the issuance of certiorari to a board "created by contract or agreement."

The Attorney General and the Highway Commission when acting as arbitrators were not acting within the scope of their respective duties as defined by law, for the law prescribes no such duties to be performed individually or jointly.

In Whitehead v. Gray, 12 N. J. L. 38, commenting on the case of Ludlow v. Executors (N. J. L.) 1 Southard, 389, it was said:

"The context fully shows that the court here meant no wider range than had been previously expressed. They speak of the use of the writ, 'in superintending inferior jurisdictions in the exercise of public powers and authorities, in which the people at large are concerned.' They specify then 'of this kind of jurisdiction are all tribunals established by law for the execution of particular public trusts, such as boards of freeholders. * * * But arbitrators were not here intended nor can they by any just construction be included. * * * Arbitrators are not what is here meant by inferior jurisdiction'."

Our conclusion finds support in the following cases: Harris v. Dist. Court of Nowata County, 68 Okla. 231, 173 Pac. 69; In re Benedictine Fathers of Sacred Heart Mission, 45 Okla. 358, 145 Pac. 495; Parmenter v. Ray, 58 Okla. 27, 158 Pac. 1183; Montgomery v. State Election Board, 27 Okla. 324, 111 Pac. 447; Homesteaders v. McCombs, Ins. Com., 24 Okla. 204, 103 Pac. 691; Palmer v. Harris, 23 Okla. 500, 101 Pac. 852; Baker v. Newton, 22 Okla. 658, 98 Pac. 931.

The writ of certiorari in this case was improvidently issued; the same is quashed and the petition dismissed.

LESTER, V. C. J., and HUNT, CLARK, HEFNER, SWINDALL, and ANDREWS, JJ., concur. MASON, C. J., and CULLISON, J., absent, not participating.

Note.—See "Certiorari," 11 C. J. §89, p. 132, n. 49.