BOARD OF EDUCATION of BURBANK INDEPENDENT SCHOOL DIST. NO. 20 v. ALLEN. Co. Supt., et al.

No. 31858.    Jan. 23, 1945.

Rehearing Denied March 13, 1945.

*156 P. 2d 596.*

Chas R. Gray and W. N. Palmer, both of Pawhuska, for plaintiff in error.

Sim T. Carman, County Atty., and Hamilton & Kane, all of Pawhuska, for defendants in error.

ARNOLD, J. Plaintiff in error, board of education of Burbank independent school district, filed this injunction action in the district court of Osage county to prevent the detachment of about one and three-fourths sections of land, including a tank farm, from said district and to enjoin the attachment thereof to the Shidler independent school district. The superintendent of public instruction of Osage county, the individual residents of the area and the Shidler independent school district, defendants therein, filed motions to vacate the restraining order issued at the time suit was instituted and demurrers. All motions and demurrers were sustained and the cause dismissed upon consideration of Senate Bill No. 5, chapter 24, S.L. of 1943, 70 O.S. Supp. 1943 §§ 891.1 to 891.11, inclusive, hereinafter referred to as the 1943 school act.

Plaintiff's sole contention is that a part of a school district cannot be detached except as provided by section 10 of the act, which they say only permits the return of an area theretofore detached and made a part of another district in 1941, 1942, or 1943.

The area in question was formerly a part of the Carter Nine school district; in 1941 the Carter Nine district was divided, a part of it going to the Burbank district and a part to the Shidler district. This arrangement was made by mutual agreement of the three districts and was carried out by proper petition to and by orders of the county superintendent. The area by that arrangement went to the Burbank school district.

In view of the foregoing statement of facts the defendants contend that the attachment contemplated herein is authorized by section 10 of the act even though the act be given the interpretation contended for by plaintiff.

It is contended that since territorial days it appears, as indicated and demonstrated by the various acts of the Legislature on the subject of annexation of school districts, that the Legislature has recognized and has attempted to maintain the policy of permitting detachment of a part of a school district and the attachment thereof to another district. That therefore it should be presumed that the Legislature did not intend a change in such policy. 50 Am. Juris., p. 281, § 299; 50 Am. Juris., pp. 355-356, § 354. This presumption, if indulged, as an aid to interpretation, would fall if it clearly appears from a consideration of the whole act and the various provisions thereof together, giving consideration to legislative history on the subject, the purposes to be accomplished and the evils to be remedied, comparison with former acts on the same subject matter, the title, etc., that the Legislature intended a change in such policy.

Likewise another inconclusive presumption is suggested, that is, that the Legislature in passing another act on a subject intended to and did effect a change in the law other than with respect to well recognized policy.

Unquestionably the Legislature intended to and did change the law on the subject. Nobody contends otherwise and it would serve no useful purpose to point out such changes except those that have some bearing upon the question of the intention of the Legislature to take away the right of a part of a district to detach and become a part of another district except as provided by section 10 of the act.

The contention of the defendants that section 10 is applicable and authorizes the detachment in this case is untenable. This section authorizes the return of the area in question, if it is possible for it to be returned, to its former status. It was originally a part of Carter Nine district, which was effectually disorganized in the manner hereinbefore related. The area cannot be returned to its former status because of the nonexistence of Carter Nine district. Section 10 provides only for the return of a formerly detached area to "the district from which" it was detached. See Russett School District No. C-8 of Johnston County v. Askew, 193 Okla. 102, 141 P. 2d 575. Both parties cite and rely upon that case. In that case an entire district had been previously attached to another district. We held that the attached district could return to its former status as a district. To permit the detachment here sought would amount to the organization of a new district vastly different in area from that constituting the district before it was disorganized. Though the section is remedial and should be liberally construed, this cannot be authorized by judicial construction.

Did the Legislature intend that no part of a school district should be detached from its parent district except as provided by section 10 of the act? If such were the intention of the Legislature, it must be given effect if possible.

In determining legislative intention, words, phrases and expressions will be accorded their ordinary meaning when practical to do so, but inapt or inadvertent use of words, phrases, or expressions, or use of language of doubtful meaning, will not be permitted to pervert or destroy the all-important and otherwise clearly expressed intention of the Legislature, and such words, phrases, or expressions, or language of doubtful meaning, will be construed so as to promote harmony in the various provisions of the act and give practical effect to the intention of the Legislature if possible. See Protest of Chicago, R.I.& P. Ry. Co., 137 Okla. 186, 279 P. 319; Russett School District No. C-8 of Johnston County v. Askew, supra, and the cases therein cited.

The 1943 act is a comprehensive act on the subject covered. All the provisions of the 1941 act, 70 O.S. §§ 890. 1-890.8, on annexation were effectively repealed thereby. The 1941 act repealed all acts or parts of acts in conflict therewith.

A comparison of the salient features of the two acts will forcefully demonstrate, we think; the intention of the Legislature to change its policy theretofore generally followed permitting the detachment of a part of a school district and attachment thereof, under certain restrictions designed to protect the financial and territorial integrity of the remaining portion of the district, to an adjacent district as well as to change the law in other respects.

Prior to 1941 extension protection was provided as to the extent of territory that could be detached from a district, reduction in valuation, boundaries, etc. By the 1941 act such safeguards against the emasculation of a school district were largely destroyed. By section 4 of the act it was, however, provided:

"Territory shall not be annexed under the provisions of this Act if such annexation would reduce the assessed valuation of: (a) any common school or union graded school district below five thousand dollars ($5000.00); or (b) any consolidated school district below one hundred thousand dollars ($100,000.00) and an area of twenty square miles. When the part sought to be detached from an independent school district or consolidated district with a fully accredited high school is one-half (½) or less of the total area of the whole district the consent of the school board of such district must be obtained in writing. Provided, however, that the written consent of the Board shall not be required to detach territory isolated by natural physical barriers such as mountains and streams. No territory having a school building or buildings thereon shall be annexed to another

district unless the whole district, or all of the several parts thereof, embracing such territory is annexed to a district or districts. No district shall hereafter be authorized to organize or unite as a union graded school district, but territory may be annexed to existing union graded school districts in the manner prescribed in this Act."

There is no comparable provisions in the 1943 act. Under the interpretation contended for by defendants there are now no such restrictions to protect the financial and territorial status of a school district.

With reference to the assets and bonded indebtedness of a part of a district attached to another district, the 1941 act provides:

"Section 5. No school district or part of district annexed to another district under the provisions of this Act shall assume any part of the bonded indebtedness existing at the time of said annexation in the district to which it is annexed, and no school district to which any district or part of district may be annexed shall assume any part of the bonded indebtedness existing at the time of said annexation in the district or part of district so annexed, but said bonded indebtedness shall remain a charge against the territory against which it was originally incurred and taxes shall be levied and collected in such territory annually as provided by law for the payment of said bonded indebtedness."

The comparable paragraph of the 1943 act (section 7) is identical with the foregoing section of the 1941 act with the significant exception that the words "or part of district" in the first line of the quoted section of the 1941 act does not appear in the 1943 act. Subdivision (a) of section 7 of the 1943 act and subdivision (a) of section 5 of the 1941 act are identical with the exception that the beginning expression of the 1941 act, "In case all of a school district is annexed to another district," is omitted in the 1943 act, strongly suggesting that the Legislature did not contemplate annexation of less than a whole district except in cases

falling within the purview of section 10 of the 1943 act. Apparently, for the same reason, the Legislature failed to include a section or provision on the subject matter of subdivision (b) of section 5 of the 1941 act, which provides:

"In case less than all of a school district is annexed, the district to which the annexation is made shall acquire no property or assets nor assume any debts or other obligations belonging at the time of annexation to the district from which said part has been detached."

Both acts provide for annexation of the various parts of a whole district to other districts in exactly the same language. The provisions of the acts (subdivision (c) of section 5 of the 1941 and subdivision (b) of section 7 of the 1943 act) relative to apportionment of the bonded indebtedness of such an attached district between the attaching districts are identical.

The acts provide in identical language for the annexation of a smaller to larger district (sections 3 and 6 of the acts, respectively). Section 6 of the 1941 act and the corresponding section of the 1943 act, section 8, relative to the status of an annexed district and the effect of annexation, are identical, except that the words "or part of a district" are included in the first line of said section 6, while these words are entirely omitted from the comparable provision of the 1943 act; the first line of section 6 reads "any school district *or part of district* annexed, . . . " and the corresponding line of section 8 is "any school district annexed."

The respective provisions of the two acts regarding the construction to be placed thereon are expressed in exactly the same words. The same is true of respective sections of the acts concerning "partial invalidity."

Section 10 of the 1943 act provides for the return, upon certain conditions, of a part of a district detached from its parent district in 1941-2 or-3 to its original district; there is no correspond-

ing provision in the 1941 act; indeed, no such specific provision would be necessary to authorize such return under the 1941 act. If a part of a district might be detached and then attached to another district under the 1943 act, why did the Legislature include section 10 in the 1943 act? It is suggested that this section was inserted to make provision for the method to be followed in perfecting the return of such an area to its former status. Unless the procedure to be followed to complete the process under section 10 is materially different from that provided elsewhere in the act, we cannot look with favor upon this explanation for the inclusion of section 10. While there is some ambiguity in the language used in the section as to who may vote in the election to determine whether there shall be a return to former status, we are convinced that the Legislature intended that only those living in the area to be returned to its parent district should vote on the question. This interpretation is in accord with the spirit and letter of section 1 of the act, which on this point, at least, is in no wise ambiguous or uncertain. It is apparent to us that the Legislature intended that only those in a territory affected as defined in section 1, that is the area to be annexed, should vote in an election for the purpose of affecting detachment and annexation. This being true, section 10 could serve no useful purpose if we should hold that a part of a school district could be detached under other provisions of the act as contended by the defendants. To so hold would be to say that the Legislature accomplished an unnecessary thing in the enactment of section 10, supra.

Sections 3, 4, and 5 relate to the procedure to be followed by the county superintendent in calling, conducting, and declaring the results of an election for annexation. The provisions thereof are applicable to annexations made under section 10.

Section 3 of the 1943 act requires that notices of an election shall be posted in "five public places in the school district or part of district which is proposed to be annexed," and it is suggested that this shows an intention on the part of the Legislature that a part of a district might be annexed otherwise than by authority of section 10. It will be observed that section 10, supra, makes no provision for posting notices of an election. Construing the two sections together, we are forced to the conclusion that the Legislature intended that notices of an election to return a formerly detached area to its former status must be posted as required by section 3 in the area or part of district to be annexed. Construing sections 1, 3, and 10 together, the election shall be held in the territory, part of district or district to be annexed, and only those who are residents of the territory to be annexed shall vote in the election whether it be a whole district or a part of a district. Inadvertent omission of a provision for posting notices in section 10, or omission of the words "part of district or territory" after the words "district or districts" in line three of section 3, or other words to clarify same or the inapt use of the word "district" in the section will not be permitted to thwart the clear intention of the Legislature.

In the light of the foregoing comparison of the other pertinent sections of the two acts, we come to a consideration of the very important sections 1 and 2 of the 1943 act in comparison with their comparable section of the 1941 act. Section 1 relates to general authority for annexation of territory to district. It provides:

"Subject to the limitations and conditions hereinafter set forth all of any school district of any kind, class, or type, shall be annexed to and become a part of any adjacent school district or districts of any kind, class or type at an election if a majority of the legal voters of the district affected shall approve such action."

The corresponding provision of the 1941 act, section 1, is as follows:

"Subject to the limitations and con-

ditions hereinafter set forth, all, or part, or the several parts, of any school district of any kind, class, or type shall be annexed to and become a part of any adjacent school district or districts of any kind, class, or type upon petition to the county superintendent of public instruction, signed by a majority of the qualified electors of each district, or part of district, seeking to be annexed and by a majority of the members of the school district board of the district to which said territory is sought to be annexed."

Section 2 of the 1943 act defines affected territory in the following manner " . . . and, provided, further, that 'territory affected', as used in this act, shall be considered to mean the territory which is proposed to be annexed." The definition of territory affected in section 1 of the 1941 act reads:

" . . . And provided, further, that 'territory affected' as used in this act, shall be construed to include the district to which it is proposed to annex territory, each district and part of district proposed to be annexed, and each district from which a part is proposed to be detached by virtue of said annexation."

Otherwise, the provisions of sections 1 and 2 of the 1943 act and section 1 of the 1941 are identical. The significant changes are apparent. All reference to "part" or "the several parts of a district" is entirely omitted in the mentioned sections of the 1943 act.

We think this was deliberate on the part of the Legislature. It will be noted that the words "district" and "territory" are used synonymously in sections 1 and 2 of the 1943 act.

The word "territory" appearing in section 2 is used in its general sense. Its use no doubt was occasioned by the fact that authority for annexation of a whole district is provided by section 1 and for a part of a district by section 10. It refers to both or either.

The contention that the title of the act indicates the intention of the Legislature that a part of a district may be attached otherwise than by virtue of section 10 is also without substantial merit. If this were true, such an indication would be entitled to consideration along with all other facts and circumstances helpful in making a correct determination of legislative intent. However, we do not think an examination of title will support the contention of defendants in this regard. More specifically they contend that the expression in the title "And annexation of territory to adjacent districts" must refer to annexation of a part of a district other than a part of a district that may be returned to its original district under section 10, because there also appears in the title the expression "Providing method of restoring territory to former districts."

Omitting the reference to repealed sections and emergency, we quote the title:

"An Act relating to school districts and annexation of territory to adjacent districts and annexation when districts are united; Providing method of restoring territory to former districts;"

Provision is made in the act for annexation of all designated parts of a district to other districts. Under the provision the various parts of an entire district would be annexed to other districts and the district thereby disorganized.

The word "territory," first appearing in the title, refers to the various portions constituting a district attempting to disorganize in the foregoing manner by attachment.

The argument is also made that the provision of section 3 of the 1943 act that the notices of election "shall definitely describe the land which is sought to be annexed and shall state the time and place" where the election will be held contemplates annexation of a part of a district except under section 10. Otherwise, it is said, no description would be necessary other than a reference to the district to be annexed by its legal designation and the school house would be the place. The argument would be more forceful except for the

fact that said section applies to annexation of a part of a district under section 10 of the act, in which case it would be necessary to more particularly describe the area to be annexed and fix the place of the election. Certainly any lack of clarity in this respect or the fact that the Legislature might have used language that might have dispelled all doubt on the issue does not impel the interpretation sought by defendants.

The final contention made by defendants, that the authority granted an entire district to annex to another carries with it inherently the lesser authority of a part of a district to detach from its parent district and attach to another district, is fully disposed of by our determination that the intention to restrict the authority is clear, the defendants having correctly admitted that their proposition would have no merit in such event.

In view of the authority granted by section 10, permitting the annexation of a part of a district and all the other facts and circumstances pointed out hereinbefore, the conclusion is clearly inescapable that only a whole school district may be annexed under the 1943 school act except as provided by section 10 thereof.

Reversed.