CLAIBORNE, Co. Supt., et al. v. JOINT CONS. SCHOOL DIST. NO. 7.

No. 31873.   Jan. 30, 1945.

Rehearing Denied Feb. 13, 1945.

Application for Leave to File Second Petition for Rehearing Denied March 13, 1945.

156 P. 2d 602.

Tolbert, Gillespie & Cunningham, of Hobart, for plaintiffs in error.

Hollis Arnett, of Mangum, for defendant in error.

ARNOLD, J.   The parties occupied reverse positions in the court below and will be referred to by their trial court designation.

The plaintiff, joint consolidated district No. 7, comprising territory situated in Greer and Jackson counties, is an independent, joint and consolidated district. It includes the areas comprising two districts, the former City View consolidated district No. 7 and Midway consolidated district No. 2. All of the territory involved is a part of the former Midway consolidated district No. 2, which district became a part of plaintiff district by order of the county superintendent in 1942. The defendant, Blair independent school district No. 54, is an independent district comprising terri-

tory situated entirely in Jackson county. On July 22, 1943, the county superintendent of Jackson county received a petition signed by a majority of the electors of the territory described therein which had formerly been a part of Midway consolidated district No. 2 before said district was disorganized in the manner indicated above, demanding that an election be called for the purpose of submitting the question of the annexation of the described area to the defendant district. In pursuance of the petition, the county superintendent posted notices in the area of an election to be held in the area and conducted an election therein. Thereafter, the election having terminated favorably to annexation, he made the order of annexation contemplated by the petition and voters. Another petition was filed with the county superintendent describing a different area of plaintiff district. The county superintendent followed the same procedure and made the order of annexation of said territory to the Blair independent district as in the other instance.

No part of either of the areas described in the petitions for annexation was ever a part of the defendant district to which the attachments were made. A part of the territory described in one petition lies in both Jackson and Greer counties.

This action was begun by the filing of a petition for writ of certiorari, alleging substantially that all the foregoing proceedings were null and void in view of the facts stated, the county superintendent having no authority to make the annexations ordered.

Objection to the jurisdiction of the court in the cause was appropriately preserved by the pleadings of defendants, and the cause was tried upon the issues joined by the defendants' answers.

Judgment was entered sustaining the writ and in effect rescinding and nullifying the orders of annexation and all proceedings leading up to the making of such orders.

The defendants first contend that the court erred in not sustaining their motions to quash for the reason that the Greer county district court was without jurisdiction of the subject matter for the reason that the remedy of the plaintiff was, and is, by appeal from the order, or orders, of the county superintendent of Jackson county and not by certiorari, and for the further reason that the court was without jurisdiction of the lands lying and situate in Jackson county.

The other propositions urged by defendants involve the same jurisdictional questions and need not be stated.

In support of the foregoing assignments the defendants first argue that the plaintiff's remedy in this cause was by appeal, and not by certiorari, in view of 70 O.S. Supp. § 891.5, providing for the taking of an appeal from the order of the county superintendent by 25 per cent of the qualified electors, and that the delay by petitioners for certiorari to review the orders annexing said territories to another district until after authorities had fully carried out steps to consummate annexation preclude the plaintiff from any relief by certiorari. They next say that the provisions of 70 O.S. Supp. §§ 891.1-891.11 clearly authorize the annexation of a part of a school district, under the facts of this case, to another school district. There is no contention made that the area annexed falls within the purview of section 10 of the act.

The last mentioned position cannot be sustained. We answered this contention in our opinion in Board of Education of Burbank Independent School District No. 20, a Municipal Corporation of Osage County, v. T. E. Allen, County Superintendent of Public Instruction of Osage County, et al., 195 Okla. 209, 156 P. 2d 596, which is controlling herein on this point. The attempted annexation under the facts were without authority of law, null and void.

Their proposition that certiorari will not lie under the facts here presented contemplates authority to make the annexation purportedly accomplished, and

they cite and rely upon Ensley et al. v. Goins et al., 192 Okla. 587, 138 P. 2d 540. We therein held that delay in instituting action for review of proceedings annexing one school district to another until after authorities had fully carried out steps to consummate annexation authorized denial of writ of certiorari. It should be noted, however, that that case arose under 70 O.S. 1941 §§ 890.1-890.8. Thereunder a part of a district could be annexed to another upon compliance with stated conditions. We have here a very different situation, to wit: the purported accomplishment of an unauthorized annexation. The attempted annexation herein was void, though the procedure followed, which is not admitted by the parties and we make no determination thereof, was in exact accord with the requirements of the law on annexation.

By 12 O.S. 1941 § 133, it is provided:

"Actions for the following causes must be brought in the county where the cause, or some part thereof, arose:
"First: . . .
"Second: An action against a public officer for an act done by him in virtue, or under color, of his office, or for neglect of his official duties.
"Third: . . ."

A part of the cause of action arose in Greer county; one of the elections held was participated in by electors residing in the area and in Greer county; a part of the land attempted to be annexed was located therein. Though the district to which the annexation was made was entirely situate in Jackson county, the election was conducted only in the area to be attached which was located in both counties.

District courts may issue writ of certiorari (art. 7, sec. 10, Const.). There is no contention otherwise. Will the writ lie to prevent the annexation here? To prevent exercise of unauthorized power writ of certiorari may be issued to review proceedings of an officer, where it is alleged that the officer acting in a quasi-judicial capacity was without authority to do the things complained of. See Green-Boots Construction Co. v. State Highway Commission et al., 139 Okla. 108, 281 P. 220; Harris v. District Court of Nowata County, 68 Okla. 231, 173 P. 69; In re Benedictine Fathers of Sacred Heart Mission, 45 Okla. 358, 145 P. 494; Parmenter v. Ray, 58 Okla. 27, 158 P. 1183; Montgomery v. State Election Board, 27 Okla. 324, 111 P. 147; Homesteaders v. McCombs, Ins. Com., 24 Okla. 201, 103 P. 691; Palmer v. Harris, 23 Okla. 500, 101 P. 852; Baker v. Newton, 22 Okla. 658, 98 P. 931; Gregg et al. v. Hughes, 89 Okla. 168, 214 P. 904.

Affirmed.