MAYNARD et al. v. PARMAN, County Supt., et al.

No. 31851.   Jan. 30, 1945.

*156 P. 2d 606.*

Ash & Bailey, of Cordell, for plaintiffs in error.

Thos. A. Edwards and Jesse Stovall, both of Cordell, for defendants in error.

ARNOLD, J.   On the 19th day of July, 1943, certain electors in Cloud Chief school district No. C-8 filed a purported petition for annexation of one and one-half sections of land embraced in that school district to district No. 107 of Washita county.  On the 28th day of August, 1943, the county superintendent posted notices calling an election for the purpose of such annexation. On the 10th day of September, 1943, the county superintendent posted notices of the election results and made the annexation contemplated.  Within ten days thereafter plaintiffs in error, comprising more than 25 per cent of the electors of Cloud Chief district C-8, appealed from the action of the county superintendent to the district court, and on the 30th day of December, 1943, on motion of Frank Parman, county superintendent of Washita county, the district court dismissed the appeal of plaintiffs in error, from which order of the district court this appeal is taken.

The motion to dismiss the appeal filed by the county superintendent was based on the ground that none of the appellants reside upon the particular section and one-half of land which the petitioners were seeking to annex.  No motion to dismiss was filed and no appearance of any character was made by the petitioners who were seeking to have the territory annexed.

The territory annexed had never been a part of district No. 107.

Plaintiffs in error argue, among other assignments of error, that:

"The court erred in dismissing the appeal of plaintiffs in error on the motion of the county superintendent."

Section 5 of Senate Bill 5, 70 O.S. Supp. §§ 891.1 to 891.11, authorizes an appeal by the qualified electors who voted or were eligible to vote at an election held on the question of annexation. Only such electors of the territory to be annexed may vote at such an election, and the act does not authorize an appeal from an order of annexation by other persons, though they be qualified electors of the district from which the territory would be detached. The appellants were not residents of the area to be annexed and were not qualified to vote at the election held and had no right of appeal. The appeal should have been dismissed, but we do not mean to say that the annexation was valid. See Board of Education of Burbank Independent School District No. 20, a Municipal Corporation of Osage County, Oklahoma, v. T. E. Allen, County Superintendent of Public Instruction of Osage County, Oklahoma, et al., 195 Okla. 209, 156 P. 2d 596.

Affirmed.