JONES et al. v. HEUBERT et al.

No. 31729.   Jan. 30, 1945.

Rehearing Denied Feb. 27, 1945.

*156 P. 2d 605.*

Ash & Bailey, of Cordell, for plaintiffs in error.

Thomas A. Edwards and Jesse Stovall, both of Cordell, for defendants in error.

E. L. Mitchell and W. D. Hereford, both of Oklahoma City, for Oklahoma Tax Commission.

ARNOLD, J.   The facts, including pertinent records of the county superintendent, are stipulated.

On Judy 9, 1943, the defendants in error filed a petition with Frank Parman, county superintendent of Washita county, praying annexation of certain territory of Cloud Chief school district No. C-8 to Corn school district No. 107, and praying in the alternative that in the event the county superintendent finds and determines that he is without jurisdiction to attach said territory to said school district No. 107, that he in that event call an election for the purpose of attaching said territory to school district No. 51, from which said territory was detached in the year 1942.   District No. 51 had been disorganized in 1942 by annexation of the various parts thereof to other districts.

On July 21, 1943, the county superintendent denied the petition, refused to post notices and call the election, and issued an order to that effect.   On August 4, 1943, the defendants in error herein, as plaintiffs below, filed their petition for mandamus in the district court of Washita county, and on August 17, 1943, the district court issued a peremptory writ of mandamus directing the county superintendent to call an election, and directing him further that if the result of said election should sustain the petition for annexation, that he order the territory attached to said district No. 107.

The county superintendent declined to prosecute an appeal from the judgment granting the peremptory writ of mandamus, and the court thereupon, upon application, granted leave and made Cloud Chief school district No. C-8 and B. F. Jones, Olin Wright, and Mrs. E. I. Emerson, as individual electors of said district, parties defendant, and they thereafter perfected this appeal.

It is contended that the petition for writ of mandamus does not state facts sufficient to constitute a cause of action because it alternatively prays for attachment of a part of Cloud Chief district No. C-8 to district No. 51, from which it was theretofore detached, only in the event the county superintendent

determined that he did not have authority to make annexation of the area to district No. 107.

The sole question necessary for determination is whether or not a part of a school district may be attached to another district under the provisions of Senate Bill No. 5, 70 O.S. Supp. 1943, §§ 891.1 to 891.11, except as provided by section 10 thereof. The writ of mandamus issued by the district court and complained of here directed the county superintendent to conduct an election and order the annexation of the area involved, a part of Cloud Chief district No. C-8, to district No. 107 if the vote was favorable to such annexation. The territory to be annexed here had never been a part of district No. 107. We held in Board of Education of Burbank Independent School District No. 20, a Municipal Corporation of Osage County, v. T. E. Allen, County Superintendent of Public Instruction of Osage County, et al., 195 Okla. 209, 156 P. 2d 596, that such an area, under the circumstances here presented, could not be attached to another district by authority of the foregoing act. Our opinion in that case is conclusive of this issue here and determinative of this appeal. The judgment of the lower court is necessarily erroneous and is accordingly reversed.