INDEPENDENT SCHOOL DIST. No. 48 v. UNION GRADED SCHOOL DIST. No. 7 et al.

No. 31903.   Jan. 30, 1945.

*156 P. 2d 609.*

C. C. Hatchett, of Durant, for plaintiff in error.

D. S. McDonald, Jr., of Durant, for defendants in error.

ARNOLD, J.  Throughout this opinion we will refer to plaintiff in error as "plaintiff," and defendants in error as "defendants," the position they occupied in the trial court. The controversy involves two parcels of land which were a part of plaintiff's territory prior to two purported orders of annexation, the first having been entered on August 7, 1943, as to parcel 1, and the second having been entered on April 10, 1944, as to parcel 2, described in plaintiff's petition. The case was submitted to the court upon an agreed statement of facts. From the agreed statement of facts it is shown that the defendants, purporting to act under Senate Bill No. 5 of the 1943 Legislature, instituted proceedings to detach two parcels of territory from the plaintiff's district, and the county superintendent, after holding an election in the disputed territory, made the orders of annexation. The areas involved were never a part of the district to which attached by the orders of the county superintendent herein complained of. The plaintiff alleges, and the agreed statement of facts recites, that the defendant district, as well as the county authorities of Bryan county, recognized the purported orders of annexation in the enrollment of pupils and in the distribution of state apportionments of school aid, and the distribution of taxes collected from the disputed territory, and

ousted plaintiff from any control thereof.

It is conceded by all parties that if under the 1943 act of the Legislature, 70 O.S. Supp. §§ 891.1-891.11, there was any power or authority on the part of the county superintendent to make the orders of annexation, the plaintiff must fail, and if such authority is lacking under said act, the plaintiff must prevail.

Under the foregoing statement of facts it is apparent that our decision in Board of Education of Burbank Independent School District No. 20, a Municipal Corporation of Osage County, v. T. E. Allen, County Superintendent of Public Instruction of Osage County, et al., 195 Okla. 209, 156 P. 2d 596, is controlling and decisive of this appeal. The purported annexations were without authority and void.

Reversed.