THOMPSON, Trustee, v. FREENY, County Treas.

No. 32347.   June 25, 1946.

*170 P. 2d 233.*

Cruce & Satterfield and Ben Franklin, all of Oklahoma City, for plaintiff in error.

Victor C. Phillips, County Atty., of Durant, and Mac Q. Williamson, Atty. Gen., and James C. Harkin, Asst. Atty. Gen., for defendant in error.

HURST, V.C.J.   On September 20, 1943, the county superintendent of Bryan county made an order annexing a portion of school district No. 36 to school district No. 72 (Durant), pursuant to a petition filed with the superintendent on August 25, 1943.   The St. Louis-San Francisco Railway Company owned a line of railroad running through the territory so annexed. For the fiscal year 1944-1945 this property was assessed and extended on the tax rolls as being in district No. 72.   The tax levy in district No. 72 was higher than that in district No. 36 for said

fiscal year. In due time the plaintiff as trustee of said railway company paid the taxes so levied under protest and sued the county treasurer to recover the same, tendering the amount of taxes that would have been assessed against the trustee if the property had been extended upon the tax rolls as being in district No. 36. From a judgment in favor of the defendant, the plaintiff has appealed.

There is no dispute as to the facts above stated. At the trial it was stipulated that the controlling question is "whether district 72 is a valid corporation," meaning, we presume, whether the annexation was valid or void.

Two questions are presented for decision: (1) Was the order of annexation void? and (2) Has the plaintiff chosen a remedy that is available to him?

1. This case is governed by Senate Bill No. 5 of the 1943 Legislature, S.L. 1943, page 208, 70 O.S. Supp. 1943 §§ 891.1-891.11. In Board of Education v. Allen, 195 Okla. 209, 156 P. 2d 596, we held that the county superintendent is without authority to annex a part only of one school district to another school district, except as provided in section 10 of said act. That section authorizes the county superintendent to annex a part of a district to another district when such part was detached from the annexing district during the years 1941, 1942, or 1943. The record in the present case is silent on the question of whether the portion of district 36 attached to district No. 72 was detached from district No. 72 in 1941, 1942, or 1943, so as to make the exception contained in section 10 applicable. But the parties have briefed the case on the theory that section 10 is not applicable, and the defendant does not assert that it is applicable. Assuming that to be a fact, we are of the opinion, and hold, that the order of annexation is void, under authority of Board of Education v. Allen, above.

2. The next question is whether the plaintiff may avail himself of the remedy of paying the school tax under protest and suing to recover the same. The defendant contends that the plaintiff's remedy was by certiorari to directly attack the order or that quo warranto would be a proper remedy, but that the present action is a collateral attack and may not be resorted to. He relies largely upon Claiborne v. Joint Con. School District No. 7, Greer County, 195 Okla. 215, 156 P. 2d 602, holding that certiorari is a proper remedy, and Daniel v. Stucky, 118 Okla. 150, 257 P. 776, holding that the remedy of paying the taxes under protest and suing is not the proper remedy. The plaintiff relies upon Barton v. Stucky, 121 Okla. 226, 248 P. 592, as authority for this action.

Daniel v. Stucky and Barton v. Stucky involved the validity of city ordinances taking territory into the city. They reached opposite conclusions as to whether an owner of property in the annexed territory could pay the city taxes under protest and sue to recover the same, under section 9966, C.O.S. 1921. In Chickasha Cotton Oil Co. v. Rogers, 160 Okla. 164, 16 P. 2d 112, this court distinguished the cases, but followed Barton v. Stucky, holding that the remedy of paying the city taxes under protest and suing to recover the same was a proper remedy where land had been illegally taken into a city. In Missouri-Kansas-Texas R. Co. v. Cowden, 184 Okla. 260, 86 P. 2d 776, we held that the remedy of a railroad company, whose property was illegally detached from one school district and annexed to another school district, was to pay the taxes under protest and sue to recover the same. Our present statute, 68 O.S. 1941 § 15.50, under which the present action was filed, is substantially the same as the statutes under which the decisions in the Barton and Cowden Cases were decided.

The defendant does not point to any statute or decision authorizing the county boards to adjust the assessments made by the State Board of Equalization, as here, and we know of none. Nor

does the defendant refer to any statute or decision giving the taxpayer a right to appeal from the action of the State Board of Equalization in assessing property in the wrong school district, or the right of the board of equalization to pass upon the validity of annexation orders made by the county superintendent. We know of no such authorities.

We conclude that the illegality of the school tax involved in this case arose from an action from which the law afforded the plaintiff no appeal and that the remedy provided by 68 O.S. 1941 § 15.50 is a proper remedy.

Judgment reversed, with directions to enter judgment for the plaintiff.

RILEY, OSBORN, BAYLESS, WELCH, and DAVISON, JJ., concur.