Contracts — Penalties — State Immunity The University of Oklahoma may not, in the absence of express statutory authority, place a provision, to-wit: "This Paragraph 8.3 does not exclude the recovery of damages for delay by either party under over provisions of the contract documents," in its construction contracts which would purport to waive its immunity to civil suit for damages. The Attorney General has had under consideration your request for an opinion wherein you state that the University of Oklahoma has issued invitations to bid on construction projects, and that said invitations to bid contain the following provision: "8.3.4 The Contractor shall not be entitled to compensation from the Owner for any loss, cost or expense, sustained by reason of delay of completion of the work or from any cause whatsoever." You also state that the bidders' conditions demanded that the University replace said provision with the following provision: "8.3.4 This Paragraph 8.3 does not exclude the recovery of damages for delay by either party under other provisions of the contract documents." You then ask the following question: ". . . Can the University of Oklahoma place such a provision as requested in its construction contracts?" In the first paragraph of the syllabus of Hawks v. Walsh, 177 Okl. 564,61 P.2d 1109 (1936), the Court held: "A sovereign state cannot be sued except by its consent granted by express legislative enactment." Our Court in the body of the opinion of Jack v. State, 183 Okl. 375. 376, 82 P.2d 1033,1034(1937) held: "The state, in absence of an express statute creating a liability therefor, is not liable in a civil action for damages for the neglect of its officers or those they are obliged to employ, in improperly performing, or in failing to perform, their duties as such officers or employees." In the opinion of Creen-Boots Construction Co. v. State Highway Commission.139 Okl. 108, 281 P. 220 (1929), the Court stated: "The power of the Highway Commission is derived from the statute. The statute provides that the road funds be used for building and maintaining the roads and for no other purpose. The Highway Commission has no power or authority to determine the damage suffered by a contractor because of the wrongful acts of the Commission, nor to make payment therefor from the public funds, even admitting such damages." The effect of the above quoted provision demanded by the bidders is for the Board of Regents of the University of Oklahoma to agree to waive the state's immunity against civil suit for damages. This, they cannot do, but may be done only by an express legislative enactment, in the nature of a general law, creating such liability. There is no such statute. This is in conformity with the prior Attorney General Opinions dated July 31, 1947 and December 23, 1957, both addressed to G. L. Cross, President, University of Oklahoma, which you referred to in this request. It is, therefore, the opinion of the Attorney General that your question be answered in the negative, in that the University of Oklahoma may not, in the absence of express statutory authority, place the above quoted provision, demanded by the bidders, in its construction contracts which would purport to waive its immunity to civil suit for damages. (Robert D. McDonald)