Dear Chairman Wingo,
The Attorney General has received your request wherein you ask, in effect, the following question:
 May the Oklahoma State Police Pension Retirement Board, while acting in their capacity as the Board of Trustees, utilize operating funds to pay the expenses of medical consultants to review physical examinations of police officers applying for membership in the Oklahoma Police Pension System?
In 11 O.S. 50-202 (1978), subsection 4, powers and duties of the State Board, it so states:
 "The Board shall, in addition to other powers herein granted have the authority to: employ such clerical and investigative staff as is reasonably necessary to accomplish the duties of the board."
Also, in 11 O.S. 50-204 (1978), subsection B, office space clerical assistance — quorum — meeting — expenses, the statement of the law is:
 "The State Board is authorized to employ and supervise such clerical assistance as may be necessary to assist the State Board in carrying out the duties imposed upon it by law."
In order to answer the question at hand, it is necessary to find certain words in 11 O.S. 50-202 and 11 O.S. 50-204. The words being clerical and investigative. In defining the word "clerical" Webster's New Dictionary, page 208, defines clerk as:
 "An official responsible for correspondence, records and accounts."
Also, the word clerical is defined by Black's Law Dictionary, 4th Edition, page 319 as:
"Pertaining to the office or labor of a clerk."
Investigative is defined as follows:
 "To follow up step by step, by patent inquiry or observation; to track or trace mentally; to search into with care and accuracy, to find out by careful inquisition, examination, the taking of evidence, a legal inquiry."
Black's Legal Dictionary, 4th Edition, page 960.
The consultant after reviewing the medical examination form that has been completed by a local doctor would then render an opinion as to whether the standards as required by the Board of Trustees has been met. This function is neither clerical nor investigative.
In determining legislative intention, words, phrases, and expressions will be accorded their ordinary meaning ". . .", Board of Education F.T.C. v. Allen, Okla. 156 P.2d 596 (1945). The statutes do not expressly or impliedly give the State Board the power to hire such a medical consultant for the purpose that they have here stated.
It is, therefore, the opinion of the Attorney General that a medicalconsultant may not be employed in a clerical and investigative capacityto review medical examinations that have been completed by a local doctoror medical consultant.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
STEPHEN F. SHANBOUR, ASSISTANT ATTORNEY GENERAL